Opinion delivered April 10, 1889.

No. 6238.

W. C. JUMP *v.* THE STATE.

1. MURDER—EVIDENCE.—The indictment charged the murder of one C. Spears. The State proved that subsequent to the disappearance and alleged murder of Spears the defendant collected from one A. a sum of money due by A. to one *Pierce*. *Held*, that in view of proof showing the said Pierce and the said Spears to be one and the same person, the evidence was properly admitted.

2. SAME.—The sheriff of Dallas county was permitted, over objection by defendant, to testify that, subsequent to the alleged murder, he arrested Monk, a party charged by separate indictment with the same offense, in a distant county. *Held*, error, because even if the evidence were sufficient to establish a conspiracy between defendant and Monk, the proof related to matters transpiring after the consummation of the conspiracy.

APPEAL from the District Court of Dallas. Tried below before the Hon. R. E. Burke.

This is the companion case to the preceding case of Monk v. The State, the conviction being in the second degree for the same murder—the penalty in this case being assessed at a term of twenty-five years in the penitentiary. The evidence in this case is identical with that in Monk's case, except that, in addition to the facts stated on Monk's trial, the State's witness Adams testified on this trial that on the morning after the dis-

appearance of "Pierce" (Spears) the defendant came to his house and collected from him the sum of ten dollars which Pierce (Spears) had left with him, and told him that said Pierce (Spears) was near Dallas, pulling corn. The evidence shows also that Spears, the alleged deceased and the person spoken of by the witness Adams as Pierce, were one and the same person.

*Fitzhugh & Wozencraft, Smith & Obenchain* and *Kenneth Foree*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. This is a companion case to that of Monk v. The State, just decided. Monk and Jump were separately indicted for the murder of C. Spears. They were separately tried and convicted—this appellant being given twenty-five years in the penitentiary.

The State proved, over objection, that appellant, after the death of Spears, collected ten dollars from the witness Adams, which money Adams owed to Spears. This, under the facts of this case, was competent evidence. Counsel for appellant contends that, as the witness Adams states that he was indebted to *C. Pierce*, not *Spears*, the fact that appellant collected the money was immaterial. This would be correct but for the proof that Spears and Pierce was the same person. Adams knew him by the name of Pierce, while his true name was Spears.

There was error in permitting the State to prove by J. H. Taylor the matters complained of in bill of exceptions No. 4. (See the opinion in Monk's case with reference to the testimony of Alexander.) There was also error in permitting the State to prove by Alexander the matters complained of in bill No. 5. This matter is also discussed in Monk's case.

It was also error to permit the State to prove by Lewis, the sheriff, that, after the homicide, he had arrested Monk in Mason county, about four hundred miles from Dallas; because, if a conspiracy between Monk and defendant Jump had been shown, it had unquestionably ended. We will not discuss the rule relating to the admission in evidence of the acts and declarations of a co-conspirator; for, if what has already been said in repeated decisions can not be understood, we feel our

inability to express our views more explicitly, or with greater clearness.

The remaining assignment of error is that the evidence is insufficient to support the verdict. What has been said in the opinion in the Monk case is applicable to this. We are not satisfied to allow the verdict to stand and thus become a precedent. The judgment is reversed and the cause remanded.

*Reversed and remanded.*