## FRANK COX V. THE STATE.

### No. 9557.  Delivered January 27, 1926.

#### 1.—Transporting Intoxicating Liquor—Evidence—Held, Admissible.

Where, on a trial for transportation of intoxicating liquor, the evidence of the state disclosing that appellant was found with a quart of whiskey near his home, there was no error in admitting testimony of the officers that immediately after his arrest they searched his premises and found a still which showed that whiskey had been manufactured on said premises, and that whiskey was also found in appellant's outhouse, at the same time, such evidence was properly admitted, as tending to connect the defendant with the offense for which he was being tried. Following Nichols v. State, 97 Tex. Crim. Rep. 174. Also see Branch's Ann. P. C. Sec. 166, p. 98.

#### 2.—Same—Impeaching Defendant—Evidence of Other Offenses—Proper.

Where the defendant takes the witness stand and testifies in his own behalf it is always proper for the purpose of impeaching him to show on his cross-examination that he has been charged with other felonies. Where the defendant does not testify in his own behalf such evidence is not admissible, as it cannot be considered by the jury for any purpose except as impeaching the defendant as a witness. See Branch's Ann. P. C. Sec. 167. Distinguishing Roark v. State, 276 S. W. 242.

#### 3.—Same—Hearsay Testimony—Where Harmful—Reversible Error.

Where, on a trial for transporting intoxicating liquor, the court permitted a school teacher to testify that it had been reported to him that whiskey which his school boys were getting drunk on was furnished those boys by the appellant, and also permitting counsel for the state to discuss this hearsay testimony to the jury, all over the proper objections of appellant, was error that compels the reversal of the conviction.

Appeal from the District Court of Shelby County. Tried below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Dallas Ivey* of Center, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Shelby County for unlawfully transporting intoxicating liquor, and his punishment assessed at two years in the penitentiary.

Briefly stated it was the contention of the state that on the night of the alleged offense, the officers, together with the state's witnesses, observed the appellant, in company with one Ace Cotham, going in the direction of the appellant's house, and when the presence of the officers was observed by the appellant, that he had a quart of corn whiskey, which he threw down and broke while the officers and the state's witnesses were rushing upon them. The appellant denied having any whiskey in his possession at the time, and contended that he had gone out at the instance and request of the said Cotham, to take a drink of whiskey belonging to said Cotham, which he had concealed and at the time the officers rushed upon them, but said Cotham was in possession of said whiskey, and that they were on their way back to the appellant's house for the purpose of getting some water. The record discloses that said Cotham had gone to the premises of the appellant for the purpose of attempting to purchase some whiskey from him, and was expecting the officers and parties at the time they made the rush upon them at the place above mentioned. In other words the record discloses that said Cotham had an understanding with some of the other parties to go out to appellant's house at the time in question, and for the purpose of obtaining testimony upon which to secure a conviction.

The appellant complains of the action of the court in overruling his motion for a continuance, but the disposition we have made of this case makes it unnecessary to pass upon this question.

Appellant complains of the action of the court in permitting the state to prove, over his objection, that mash was poured

out on the ground near the residence of the appellant, and to finding about a quart of corn whiskey in an outhouse about 50 or 75 yards from his residence, and to finding what the state's witnesses denominated a still, consisting of an iron barrel and other articles, which the state contended showed that whiskey had been manufactured on said premises. The appellant contends that said testimony was offered for the purpose of and tending to show extraneous crimes other than the one for which he was on trial, and was very prejudicial. We fail to find any merit in this contention, and we are of the opinion that the testimony was admissible as a circumstance tending to connect the defendant with the offense for which he was being tried, and also was admissible in rebuttal of the defense offered by him, to the effect that the whiskey found in the outhouse did not belong to him, and that he had not been in the habit of drinking whiskey for quite a while, and the articles found by the state's witnesses, called a still, was there when he moved there, and what they claimed was mash was for hog feed. Nichols v. State, 97 Tex. Crim. Rep. 174; and for collation of authorities see Branch, Ann. Penal Code, Sec. 166, p. 98.

Appellant also complains of the action of the court in permitting the state on cross-examination to ask him if he had not been charged with other felonies, because it is contended that same was inquiring into other and separate offenses than the one for which he was on trial, and in support thereof, cites Roark v. State, 276 S. W. 242. We find no merit in this contention, as this court has always held that when the defendant takes the stand in his own behalf, that it is proper for the state on cross-examination to inquire of him relative to having been charged with other felonies and misdemeanors involving moral turpitude, for impeaching purposes. Branch, Ann. Penal Code, Sec. 167. The Roark case, supra, is not in point for the reason that the appellant in that case did not testify in his own behalf, and this court held that under the facts of that case the state was not authorized to prove extraneous crimes and offenses.

Appellant further complains of the action of the court in permitting the state, over his objection, to prove by the witness Fain, one of the parties who assisted in the arrest of the appellant, that it had been reported to him that whiskey which his school boys were getting drunk on, was coming from the section of the country where the appellant lived, and that he was informed the liquor was furnished those boys by the

appellant. It appears from the record that said witness was a school teacher, and was having some trouble with his students relative to drinking whiskey. Timely objection was made to this testimony when it was offered, on the ground that same was hearsay, and was without proper predicate, and prejudicial to the defendant. The appellant also prepared a special charge and requested the court to instruct the jury not to consider same, and reserved an exception to the closing argument of the district attorney to the jury to the effect that he would stop the defendant from selling whiskey to school boys. Said objections were all overruled by the court, and proper bills taken. We think the court was in error in admitting this testimony, because same was clearly hearsay and was bearing directly on a vital issue in the case, and which will necessitate a reversal of same.

For the reasons above stated we are of the opinion that the judgment of the trial court should be reversed and remanded, and it is accordingly so ordered.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Judges.