## Frank Cox v. The State.

No. 10310.   Delivered December 8, 1926.

Rehearing denied April 27, 1927.

Second rehearing denied May 18, 1927.

1.—Transporting Intoxicating Liquor — Indictment — Omitting the Word "Knowingly"—Held Suffcient.

Where an indictment charging the transportation of intoxicating liquor does not aver that the transportation was "knowingly" done, same is sufficient.   See Art. 666, P. C. 1925.

2.—Same—Statement of Facts—Binding on Appellant.

The statement of facts which is signed by appellant as a complete and impartial statement of the facts proven upon the trial, is binding upon the appellant and cannot be impeached by a bill of exception questioning its accuracy.

ON REHEARING.

3.—Same—Evidence—Cross-Examination—Answer Not Improper.

Where, on the trial of a liquor case, appellant on cross-examination of a state witness regarding the character of the mash found back of appellant's house, the witness replied to a question, "it would make a hog drunk," the answer was not voluntary and improper, but was fairly responsive to the cross-examination.

4.—Same—Evidence—Cross-Examination—Not Improperly Limited.

Where, on cross-examination, a state witness had five times answered that he knew nothing about the matter propounded by appellant's question and could not answer the question, there was no error in the trial court's refusal to permit further examination of the witness as to the same matter. It does not appear from the record that appellant had any ground upon which to base an expectation of any answer from the witness, different from that already given.

SECOND MOTION FOR REHEARING.

5.—Leave to File Refused.

Where appellant asks leave to file a second motion for rehearing, claiming that this court failed to consider a certain bill of exception, referred to in his application, and it appears that exactly the same question was presented and passed on in another bill, his application must be refused.

Appeal from the District Court of Shelby County.   Tried below below before the Hon. R. T. Brown, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty two years in the penitentiary.

This is the second appeal of this case. See 279 S. W. 838 for a statement of the facts.

*Dallas Ivey* of Center, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BETHEA, JUDGE.—The appellant was convicted in the District Court of Shelby County for unlawfully transporting intoxicating liquor, and his punishment assessed at two years in the penitentiary.

This is the second appeal of this case; appellant was indicted on the 25th day of February, 1924, the indictment charging the unlawful transportation of intoxicating liquor on or about November 15, 1923. The trial in the instant case was on the 22d day of February, 1926. For statement of facts, reference is here made to the opinion in this case on the former appeal in 279 S. W. 838.

Appellant complains in his bill of exceptions No. 1 of the action of the trial court in overruling his motion to quash the indictment in this case for the reason that said indictment failed to allege that the appellant "knowingly" transported the liquor. From a careful reading of the statute as originally passed it will be observed that the word "knowingly" was conspicuous by its absence, and since the appellant was indicted the P. C. of 1925 has been enacted with the word "knowingly" inserted.

The P. C. of 1925 reads as follows:

"It shall be unlawful for any person directly or indirectly to * * * transport spirituous, vinous or malt liquor * * * or knowingly sell, barter, exchange any equipment, still, mash, etc."

It therefore follows that the appellant not being charged with transporting any equipment, still, mash, etc., and only charged with transporting intoxicating liquor, that it is not necessary to allege in the indictment that he knowingly transported said intoxicating liquor, that it is not necessary to allege in the indictment that he knowingly transported said intoxicating liquor. (Acts 1919, Second Called Session, Chap. 78, Secs. 1 and 2.) Vernon's Ann. P. C., Art. 666. For the reasons above stated we hold that the learned trial judge properly overruled appellant's motion to quash.

We fail to agree with appellant's contention as set out in bills of exceptions Nos. 2 and 3, for the reason that the matters com-

plained of were the result of appellant's cross-examination of the witness.

Appellant complains at the action of the court in his bill of exceptions No. 4 in not allowing him to cross-examine the witness, Dr. Sam Yearey. We have examined the bill of exceptions carefully, as well as the evidence of the witness, Dr. Yearey, and hold that the same presents no error.

The errors complained of in bills of exceptions Nos. 5, 6, 8, 9, 10, 13, 15 and 16 were passed on by this court adversely to the appellant in the former opinion by Judge Baker. See 279 S. W. 838.

Appellant's bill of exceptions No. 11 complains of the argument of the County Attorney, who was assisting with the prosecution. In the light of all the testimony in this case, we do not agree with the contention of the appellant.

Bill of exceptions No. 19, in which complaint is made that the statement of facts on pages 5 and 6 giving the testimony of the witness, Dr. Yearey, is incorrect, presents no error for the reason that the statement of facts was agreed to and signed by counsel for the appellant as a complete and impartial statement of the facts proven upon the trial of said cause.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant seems to be under the impression that we disposed of his bill of exception No. 3 upon the qualification appended thereto by the court when the qualification was excepted to. The qualification was not considered. From the bill itself it is apparent that appellant was cross-examining the witness Yearey regarding the character of the mash found back of appellant's house, and after testifying that he knew it was fermented corn chops the witness stated he could not say it was for the purpose of making whiskey, but did know "it would make a hog drunk." It is to the quoted statement objection was urged. We are not in accord with appellant's contention that this was a voluntary and improper statement from the witness, not in response to the cross-examination. The statement of facts reveals that in connection with the statement com-

plained of the witness testified that a hog was there and that witness saw it eat some of the mash and that it became drunk as a result.

Appellant insists we were in error in the disposition made of bill of exception No. 4, wherein he complained that he was unduly curtailed in his cross-examination of the witness Yearey. The bill is qualified by the court, but the qualification was excepted to, hence cannot be considered. It was an admitted fact that officers had sent one Cawthorne to appellant's house for the purpose of detecting him in the violation of the liquor laws. It was appellant's contention that the whiskey he was charged with having transported had been brought to the place by Cawthorne himself. Yearey was the constable. The bill shows that he went with other officers to appellant's place, but did not know until after he reached there that Cawthorne had been sent on in advance by other officers. The bill shows that on the cross-examination of Yearey he was questioned as to whether Cawthorne had carried the whiskey to appellant's place, to which witness replied that he could not answer the question explaining that he knew nothing in advance about Cawthorne having been sent there. He was then asked by appellant if some of the officers there that night did not tell him they furnished the whiskey for Cawthorne to bring there, to which the witness replied that he could not answer the question because he did not know. The bill then recites that the trial court declined to permit further cross-examination of the witness, and states that if appellant had been permitted to further cross-examine the witness he would have testified that one of the officers furnished the whiskey which Cawthorne brought there. In determining whether the court committed error in refusing to permit further cross-examination the matter must be viewed as the situation appeared to the court at the time he was called upon to rule. We take from the statement of facts on cross-examination of this witness the following excerpts:

"I can't answer your question as to whether or not Nath Cawthorne had been sent down there with some whiskey, because I don't know. I don't know where that whiskey come from that night. No one ever told me that they furnished the whiskey for Nath Cawthorne to carry down there that night."

"I have told you three times I could not answer your question as to whether or not Nath Cawthorne was furnished that whiskey or that he carried it down there with him, because I don't know. I do not know anything about that whiskey being carried down there. No one told me that Nath carried it down there

with him.   That has been over two years ago, and if there was ever any such remark made, why it has slipped my memory."

"I have told you, five times now, that I could not answer your question as to who furnished Nath Cawthorne that whiskey, if he was furnished any to carry down there, because I don't know."

It is impossible to appraise a bill of exception complaining of the exclusion or admission of evidence or the claimed curtailment in the examination of a witness without reference to the facts before the court when he is called upon to make a ruling.   Here the appellant was in effect saying to the court: "If you will let me cross-examine this witness further an answer is expected from him in direct contradiction to what the witness had already answered the other way five times."   This the court knew.   It does not appear from the record that appellant had any ground upon which to base an expectation of any answer from the witness different from that already given.

Appellant asks a reconsideration of the matters complained of in bills Nos. 5, 6, 8, 9, 10, 13, 15 and 16, urging that the matters therein complained of are presented in a different light upon this appeal than upon the former. It may be appellant has more evidence in this record to combat the effect of the evidence complained of in the various bills, but we conceive the legal questions to be the same and to have been properly disposed of on the former appeal.

There are some matters adverted to in appellant's motion which are not properly in the record, and for that reason cannot be considered.

The motion for rehearing is overruled.          *Overruled.*

### ON APPLICATION FOR LEAVE TO FILE SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant seeks leave to file a second motion for rehearing, claiming that we failed to consider a certain bill of exception referred to in his application.   We considered and passed upon another bill of exception presenting exactly the same point.

The application for leave to file second motion for rehearing will be denied.

*Application denied.*

Morrow, P. J., absent.