FELIX GOSS V. THE STATE.

No. 20147. Delivered February 1, 1939.

The opinion states the case.

*L. W. Shepperd* and *Reed & Cannon,* all of Groesbeck, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is robbery; the punishment assessed is confinement in the state penitentiary for a term of eight years.

The evidence adduced by the state, briefly stated, shows that on the night of September 2, 1935, appellant, Joe Shamblin, Cliff Davis and Lester Love, went to the home of Melissa Kennedy and robbed her of approximately $4800. which she had in a bag sewed to a belt fastened around her body. At the time the offense was committed, her son and his little daughter were living with her. It was shown that about nine o'clock P. M. some person came to the home of Mrs. Kennedy and stated that his car was on a high center in the road and requested Reubin, the son of Mrs. Kennedy, to assist them. The son at first de-

murred, but finally agreed to help. While he was in the act of getting his truck to assist them, someone struck him on the head, knocked him down, tied his hands together with adhesive tape, and placed some tape over his eyes and mouth. During this time, two men with handkerchiefs over their faces, assaulted Mrs. Kennedy. She managed to pull the handkerchiefs from the face of one of them and recognized him as Joe Shamblin, whom she had known for many years. She also recognized him by his voice. Reubin also recognized appellant, Felix Goss, as the man who struck him and knocked him down and taped his hands together. Lester Love, an accomplice, testified that he, Joe Shamblin, Cliff Davis and appellant went from Overton to the home of Mrs. Kennedy in Limestone County on several prior occasions to rob Mrs. Kennedy, but things did not look exactly right and the crime was postponed on each of these occasions. That on the night of September 2, they robbed her of $4800. by the means and in the manner above stated. On the way back to Overton, Davis and appellant occupied the rear seat of the automobile, while Shamblin and the witness occupied the front. Appellant and Davis divided the money by the dome light of the car. The witness heard appellant make the remark that there was a $500. bill among the currency. He, (the witness), received $1035. as his portion of the loot, but did not get the $500. bill. Four or five days after the commission of the offense, appellant was arrested and $1707.50 was taken from his person besides a forty-four calibre pistol.

Appellant took the witness stand, denied any participation in the offense, and accounted for the money found on his person at the time of his arrest by stating that on the preceding night, he and several parties had engaged in a game of poker and he had won the money found on his person. The evidence abundantly supports and sustains the verdict of the jury.

By bill of exception number one, appellant complains of the following remarks made by a privately employed attorney who assisted in the prosecution: "Find this defendant guilty and write into your verdict a punishment so severe for the wanton crime this defendant has committed that the warning will go out to his ilk and kind that such crimes will not be tolerated in Limestone County." The objection urged against said argument was that it was not warranted by the evidence; that it was prejudicial and calculated to inflame the minds of the jury against him. We are not prepared to say that the argument complained of was highly improper or had any prejudicial effect with the jury in view of the light punishment assessed against him. His punishment, under the law, could have been more

severe. This court has many times held that before a reversal can be had on account of improper argument of state's counsel, it must be clearly shown that the remarks were improper and that they were of a material character and such as, under the circumstances, were calculated to injuriously affect the defendant's rights. See Branch's Ann. P. C. Sec. 361, p. 204; Tweedle v. State, 29 Tex. Crim. Rep., 586; Davis v. State, 154 S. W., 550; Hardy v. State, 31 Tex. Crim. Rep., 289; Howard v. State, 53 Tex. Crim. Rep., 378.

By bill of exception number two, appellant complains of testimony given by I. S. Knox to the effect that before he arrested appellant, he had information that the defendant had a $500. bill. Appellant's objection thereto was that this was hearsay. We are of the opinion that appellant's contention is well-founded. It is obvious that this was clearly hearsay and that the testimony should not have been admitted. See Short v. State, 29 S. W., 1072; Starkey v. State, 27 S. W. (2d), 175; Cox v. State, 279 S. W., 838; Lightfoot v. State, 58 S. W. (2d), 81.

By bill of exception number three, appellant complains of the testimony given by Knox to the effect that he arrested appellant without a warrant, searched him and found $1707. in twenty, ten, five, and one dollar bills and fifty cents in coin on his person. Appellant objected thereto on the ground that the arrest was made without a warrant and the evidence discovered as a result of the illegal search was not admissible against him. This is a correct rule of evidence and ordinarily would require a reversal of the case, unless similar evidence was introduced without objection. In the instant case, appellant testified to the same facts as the witness Knox; consequently no harm could have resulted to him from said testimony.

By bill of exception number four, appellant complains of the testimony of Bill Adams to the effect that after appellant was arrested, he undertook to arrest Joe Shamblin and Cliff Davis; that they both broke and ran out of the back door of the house in which they were at the time. The objection urged to this testimony was that even if they were co-conspirators of appellant, the object of the conspiracy had been completed and the conspiracy ended and therefore their acts and conduct in his absence was not admissible against him. We think that his contention in this respect must be sustained. It is a general rule that the acts and declarations of a co-conspirator, occurring after the conspiracy has terminated or after its' object has been accomplished, and in the absence of the conspirator on trial, are not admissible against such conspirator. See 18 Tex. Juris., Sec. 126, p. 217 Jump v. State, 11 S. W., 461; Morphey v. State,

45 S. W. (2d), 1099; Branch's Ann. P. C., Sec. 695 p. 354 and the authorities there cited.

The matter complained of in bill number five will not likely occur upon another trial; hence we see no need to discuss it now.

For the errors herein discussed, the judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.