## J. H. Clark v. The State.

No. 11907.   Delivered November 7, 1928.
Rehearing denied January 23, 1929.

The opinion states the case.

· *Fred K. Spurlock* and *Taylor, Muse and Taylor* of Wichita Falls, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is the unlawful transportation of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

It is agreed that the evidence is sufficient to support the verdict, but contended that the judgment should be reversed because of the refusal of the court to sustain the motion to quash the indictment. The part of the indictment attacked is that in which it is averred that the appellant "did then and there unlawfully transport spirituous, vinous and malt liquors capable of producing intoxication."   The ground of the attack is the failure to embrace in the indictment an averment that he transported the liquors "knowingly."   The statute

upon which the prosecution rests is Art. 666, P. C., 1925, which we quote as follows:

"It shall be unlawful for any person, directly or indirectly, to possess or receive for the purpose of sale, or to manufacture, sell, barter, exchange, transport, export, deliver, take orders for or furnish spirituous, vinous or malt liquors or medicated bitters capable of producing intoxication, or any other intoxicant whatever, or to possess, receive, manufacture or *knowingly* sell, barter, exchange, transport, export, deliver, take orders for or furnish *any equipment,* still, mash, material, supplies, device or other thing for manufacturing, selling, bartering, exchanging, transporting, exporting, delivering, taking orders for, or furnishing any such liquors, intoxicants or beverages."

It is obvious that the term "knowingly" as contained in the statute refers to the words that follow it and not those that precede it. The point was specifically decided against the appellant in the case of Cox v. State, 107 Tex. Crim. Rep. 19, 294 S. W. Rep. 564. Stress is laid by the appellant upon the opinion of the court in the case of Morris v. State, 245 S. W. Rep. 915, in which case the prosecution was for the violation of Art. 687, P. C., 1925, the language of which is as follows:

"No person shall rent to another or keep or be in any way interested in keeping any premises, building, room, boat or place to be used for the purpose of storing, manufacturing, selling, transporting, receiving or delivering, or bartering or giving away intoxicating liquors in violation of this chapter. Whoever *knowingly* does so shall be punished as provided in the penal article of this chapter."

The indictment charged the keeping of a building for the purpose of selling spirituous, vinous, liquors, etc., but failed to charge that such building was "knowingly" kept for the purpose mentioned. In the indictment there was no averment that the criminal acts were "knowingly" done. The indictment was held amenable to the attack because of the absence of an averment that the keeping, etc., were "knowingly" done. The analogy between the Morris case, supra, and that at present under consideration is not perceived. Art. 687, supra, makes *knowledge* upon the part of the accused an essential element of the offense, while in Art. 666, supra, there is no such requirement in the statute. The word "knowingly" as it appears in the statute has no application to the transportation of intoxicating liquor but relates to the transportation of equipment, material, etc., as set out in Art. 666, after the word "knowingly."

The language of the statute is completely descriptive of the offense. An indictment describing the offense in the language of the statute is sufficient. McFain v. State, 41 Tex. Rep. 385; Long v. State, 10 Tex. Crim. App. 195. There are instances where greater particularity is necessary in describing in the indictment the particular act upon which the prosecution is found than that contained in the statute. Portwood v. State, 29 Tex. Rep. 47; Lagrone v. State, 12 Tex. Crim. App. 426; Hammonds v. State, 100 Tex. Crim. Rep. 237; Branch's Ann. Tex. P. C., Sec. 494. Where, in the statute the word "knowingly" is a constituent element of the offense, an indictment which omits the word "knowingly" is faulty. We are referred by the appellant to the several authorities cited in the opinion of this court in Morris v. State, 245 S. W. Rep. 915. Our examination of them reveals the fact that they are each but illustrative of the requirement that the word "knowingly" when contained in the statute and constitutes an element of the offense, is not to be omitted from the indictment. In Stall's case, 37 Tex. Rep. 440, the word "knowingly" was contained in the statute and omitted from the indictment. The indictment was properly quashed. In Castle's case, 23 Tex. Crim. App. 287, the prosecution was upon Art. 813, P. C., 1879, in which "knowingly" was an essential element of the offense and was omitted in the indictment. Simon's case, 31 Tex. Crim. Rep. 203, was a prosecution for incest. The indictment was attacked because of the omission of the word "knowingly." The indictment was upheld. In the case of Fox v. State, 3 Tex. Crim. App. 329, the prosecution was for adultery. The attack on the indictment was overruled. The case of Tynes v. State, 17 Tex. Crim. App. 126, was upon the same statute as that of Castle v. State, supra, with the same result.

The transportation of intoxicating liquor is a statutory offense denounced by Art. 666, P. C., 1925. In another article of the same chapter there are exceptions named under which the transportation may be lawful. See Art. 669. It has been held, however, unnecessary in an indictment under Art. 666, supra, to negative the exceptions which are specifically named in the statute. See Travinio v. State, 92 Tex. Crim. Rep. 140; Blonk v. State, 93 Tex. Crim. Rep. 638; Walker v. State, 97 Tex. Crim. Rep. 547; Hahn v. State, 101 Tex. Crim. Rep. 491; Skinner v. State, 101 Tex. Crim. Rep. 68; Simmons v. State, 103 Tex. Crim. Rep. 175. In charging the omission of the offense of transporting intoxicating liquor denounced in Art. 666, supra, it is not deemed necessary to charge that it was

"knowingly" transported. If, as a matter of fact, there was a want of knowledge upon the part of the accused, it constitutes a defensive matter which should be treated in the charge of the court under the issues presented by the evidence. Gilbreath v. State, 98 Tex. Crim. Rep. 80, 263 S. W. Rep. 922.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant still insists that our ruling in this case is not in line with what we said in the Morris case, supra. In that opinion we used language on the authority of Wharton's Crim. Procedure, which was in a sense obiter dicta, and not necessary to the correct disposition of the instant case. The statute, violated in the Morris case, supra, expressly required that the act denounced be "knowingly" done. We so stated. Under our practice in this State we know of no instance where this court has held it necessary to allege that an act was "knowingly" done,—save where scienter was made an ingredient of the offense by statute. Certainly the mere truth that mistake of fact, accident or lack of knowledge will in most cases when proved suffice to justify an acquittal in a criminal charge of murder, theft, burglary, etc., could not be held to require that an indictment for such offense allege that same was knowingly done. One who transports whisky, if the proof shows same to be under such circumstances as support the conclusion that he did not know the liquor was in a given vehicle or receptacle, etc., may furnish sufficient ground for his acquittal, if the jury believe the testimony, but this affords no support for contending that such knowledge becomes a part of the law and should be pleaded in the indictment.

The motion for rehearing will be overruled.

*Overruled.*