GENNIE PAIN V. THE STATE.

No. 19382. Delivered February 23, 1938.
Rehearing denied April 20, 1938.

The opinion states the case.

*Russell & Edwards*, of Nacogdoches, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for possessing for the purpose of sale intoxicating liquor in dry territory, punishment being a fine of $100.00 and thirty days in jail.

It was alleged substantially in the State's pleadings that the present offense occurred in Nacogdoches County, and that under an order of the commissioners' court an election was held in said county in 1906 to determine whether the sale of intoxicating liquor should be prohibited therein; that the election resulted in prohibiting said sale; that the result was properly declared and published, and that prohibition had not been repealed by any subsequent election held in said county. It was further alleged that appellant in said county on July 19, 1937, possessed for the purpose of sale "intoxicating liquor, to-wit: 94 pints of untaxed liquor (Home Brew)."

Acting under authority of a search warrant, officers found in the house of appellant and her husband 94 pint bottles of beer, and 150 empty beer bottles; 20 bottles were on ice. Appellant told the officers the liquor belonged to her and that she had made it. The liquor was what is commonly called "home brew." The liquor was destroyed except three bottles which were turned over to Mr. Gordon, who in turn delivered them to Mr. Cudd for analysis. The latter testified that the liquor was found to contain 5.7 per cent. alcohol, which was intoxicating. Incorporated in the statement of facts is the following agreement: "It is agreed by and between counsel for the State and counsel for defendant that the allegation in the complaint and information with reference to a local option election held in Nacogdoches County, Texas, in 1906 which resulted in prohibiting the sale of intoxicating liquor in Nacogdoches County, Texas, is true." The county clerk of Nacogdoches County testified that

he was custodian of the records of the commissioners' court of said county; that he had made a search of said records from 1906 to the time of trial and that he found "there has been no election since 1906 which resulted in legalizing the sale of intoxicating liquor; it has been 'pro' ever since." He further testified that there had been some two or three elections held since 1906, the records of which were in his office. It does not appear that any objection was urged to the witness testifying to the result of said elections on the ground that the records would be the best evidence.

Appellant testified that she made the liquor for her own and her husband's use and not for sale, and that it was not intoxicating.

Appellant filed a motion in arrest of judgment urging that the State's pleading was defective and failed to charge an offense because it was not averred that the liquor in question contained alcohol in excess of one-half of one percentum by volume. He bases such contention on the wording of Article 666-4, Sec. (b) of Vernon's Ann. Tex. Cr. Statutes, Vol. 1, P. C., Sup., which section in part reads: " * * * It shall be unlawful for any person to * * * possess for the purpose of sale in any dry area under this or any other Act in this State any liquor containing alcohol in excess of one-half (1/2) of one percentum (1%) by volume." There might be some merit in appellant's contention if the Legislature had not defined the term "liquor" in Article 666-3a, as follows: "Whenever the word liquor is used in this Act it shall mean and refer to any alcoholic beverage containing alcohol in excess of four per cent. by weight unless otherwise indicated."

In view of such definition we are of opinion that when the pleader described the liquor as "intoxicating liquor" the definition just quoted aided the description, but obligated the State to prove that the liquor contained alcohol in excess of four per cent. Upon this point see the opinion in Lamantia v. State, No. 19274, decided on February 2, 1938, not yet reported. [133 Texas Crim. Rep. 573.]

Appellant further assailed the State's pleading in the motion in arrest of judgment because therein the liquor was designated as "untaxed liquor," it being appellant's position that such description rendered the pleading duplicitous and uncertain, in that as she contends it charged both the possession for sale, and the possession of untaxed liquor in the same count, and that appellant was not advised of what offense she was being charged with committing. We think, taking the pleadings as a whole, appellant's criticism is not meritorious. It may be that

the State by the averment that the liquor was "untaxed" charged itself with the additional burden of proving such averment, but it seems clear that the offense charged was possessing the liquor for the purpose of sale.

Appellant urges in her brief that the State failed to prove that Nacogdoches County was dry area as it applied to the character of liquor appellant was proved to have possessed. This contention seems to be without merit. We here refer to the agreement in the statement of facts as to the result of the local option election in said county in 1906, supplemented by the testimony of the county clerk that the records of the commissioners' court showed that subsequent elections resulted in no change in the status of prohibition which resulted from the 1906 election. Appellant might have forced the State to introduce the records of the subsequent elections as the best evidence of the fact that no change in the status had occurred, but the fact was proved by the custodian of the records without objection.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—A re-examination of the record in the light of appellant's motion for rehearing leaves us of opinion that error is not presented.

Appellant's motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.