Marion M. Terry v. The State.

No. 19308. Delivered March 3, 1938.

The opinion states the case.

*N. C. Walker,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

Graves, Judge.—Appellant was found guilty by a jury of selling intoxicating liquor, and fined $100.00.

The facts show that appellant sold some home-made wine to two State inspectors, which wine, when analyzed, was found to contain 10.7 per cent. by volume of alcohol and 8.61 per cent. by weight.

Appellant's defense was that such juices were bottled from his own grapes, and were kept only for home use, and when bottled by him and his wife such juices contained no amount of alcohol. Mrs. Terry testified: "I put that grape juice up. I put it on the stove and heated it and put it in sterilized jars and sealed it and put sugar in it. Sealed it with self sealer lids, regular lids you seal fruit with so as to keep the air out. It was not intoxicating when opened."

The appellant testified that he raised grapes and berries, and put up a large amount of fruit juices every year; that he sold to the neighbors these juices if they so desired them, but he put up no wine at all. "People buy our fruit and we supply anyone who wants fruit. We have a cellar and put it up. My wife put that up. She puts it up like she does any other fruit, bring it to a heat, seal it, and sometimes we sweeten it and have it ready to serve when opened. Use it instead of lemonade and use it as a table drink and to make jelly. If wine juices are put

up and hermetically sealed, it would not ferment, unless it was opened some way. When it is heated, grape or berry juices, same as any other fruit can not be fermented until it is opened unless the lid does not seal down. At the time I sold this grape juice to these parties, if it did contain any alcohol, I did not know anything about it. I did not intend to sell any liquor that had alcohol."

It would seem from this statement of the appellant and his wife, together with his plea of not guilty, that he claimed that at the time this juice was sold by him it contained no intoxicating percentage at all. Appellant requested special charge No. 3, which is as follows: "You are further instructed as part of the law in this case, that if you believe and find from the evidence that the defendant did not sell to the witness Haskell Smith liquor containing alcohol in excess of one-half of one per centum by volume at the time the liquor in question was sold by the defendant to such witness, if you find it was so sold, then you will find the defendant 'not guilty' and so say by your verdict."

This charge, or one of like import, contains the appellant's defense, and we find no such charge in the charge of the court given in this cause. In fact it seems as though the court overlooked charging anything relative to the appellant's defense. We also find that an exception was taken to the court's failure to charge relative to the intoxicating qualities of the liquor at the time these juices were sold. Under the circumstances we think the appellant has been deprived of a valuable right, and that the court should have given in his charge to the jury the appellant's requested charge No. 3.

We deem such failure on the part of the court of sufficient importance to justify a reversal of this cause, and the judgment is therefore reversed and the cause remanded.