## MARION M. TERRY v. THE STATE.

No. 20256. Delivered May 17, 1939.
Rehearing Denied June 14, 1939.

The opinion states the case.

*N. C. Walker,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Judge.

Conviction is for selling wine in dry territory, punishment being a fine of $200.00.

The opinion on a former appeal is found reported in 134 Texas Crim. Rep., 95, 114 S. W. (2d) 254.

The evidence for the State is practically the same as on the former trial, viz: That appellant sold to each of two inspectors of the Liquor Control Board a half gallon of wine on April 30, 1937. An analysis of the wine made on May 24th showed it contained 10.7 per cent of alcohol by volume and 8.61 per cent by weight. Upon the present trial appellant did not testify himself and offered no witness in his behalf. In that respect the record is quite different from that in the former appeal.

The prosecution was under the Act of 1935, 44th Leg., 2d C. S., p. 1795, Ch. 467, which made it "unlawful for any person to manufacture, sell, transport or possess for the purpose of sale in any dry area * * * in this State any liquor containing alcohol in excess of one-half (1/2) of one per centum (1%) by volume." Art. 666-4 Subdivision (b), Vernon's Texas Statutes Centennial Ed., 1936. The liquor alleged to have been sold by appellant is described in the complaint and information as "intoxicating liquor, to-wit: one half gallon of wine, a vinous liquor." By motion appellant sought to quash the information and complaint because there was no averment that the sale was made for beverage purposes, nor any allegation as to the percentage of alcohol either by volume or weight in

the liquor sold. Attention is called to the fact that in the Liquor Control Act of 1935 under which this prosecution originated it is not specifically made an offense to sell "intoxicating liquor" nor "wine" by name. It is therefore urged that the information and complaint charge no offense under the law in force at the time of the transaction involved. Much the same point was urged in Pain v. State, 134 Texas Cr. R. 387, 115 S. W. (2d) 638, where the liquor was described in the State's pleading as "intoxicating liquor, to-wit:—94 pints of untaxed liquor (home brew)." In the course of the opinion it was said: "Appellant filed a motion in arrest of judgment urging that the State's pleading was defective and failed to charge an offense because it was not averred that the liquor in question contained alcohol in excess of one-half of one per centum by volume. He bases such contention on the wording of Acts 1935, 2d Called Sess., c. 467, Art. 1, Sec. 4, Art. 666-4, subdivision (b), of Vernon's Texas Pen. Code 1936, which section in part reads: 'It shall be unlawful for any person to * * * possess for the purpose of sale in any dry area under this or any other Act in this State any liquor containing alcohol in excess of one-half (1/2) of one per centum (1%) by volume.' There might be some merit in appellant's contention if the Legislature had not defined the term 'liquor' in Acts 1935, 2d Called Sess., c. 467, Art. 1, Sec. 3-a, Article 666—3a, Vernon's Texas Penal Code 1936, as follows: 'Whenever the word liquor is used in this Act it shall mean and refer to any alcoholic beverage containing alcohol in excess of four per cent by weight unless otherwise indicated.' In view of such definition, we are of opinion that when the pleader described the liquor as 'intoxicating liquor' the definition just quoted aided the description, but obligated the State to prove that the liquor contained alcohol in excess of 4 per cent." See also Lamantia v. State, 133 Texas Cr. R. 573, 113 S. W. (2d) 186. The cases mentioned appear to answer appellant's criticism of the information and complaint.

Appellant excepted to the court's charge because he did not instruct on the law of accomplice testimony and also requested a special charge on the subject, taking the position that under the circumstances shown the inspectors for the Liquor Control Board were accomplice witnesses. The sale by appellant was alleged to have occurred on April 30, 1937. The evidence corresponded as to said date. This present trial was had in August, 1938. At the Regular Session of the 45th Legislature, Ch. 448, p. 1053, the Texas Liquor Control Law was revised and among other things it was provided in subdivision

8 of Sec. 23 (a) at p. 1086, as follows: "(8). Upon a trial for a violation of any provision of either Article I or Article II of this Act, a conviction may be had upon the uncorroborated testimony of an accomplice." (This provision is now found in Vernon's Ann. Texas P. C., Vol. 1 as subdivision 8 of Art. 666—23—a.) The law went into effect September 1, 1937. The part referred to being a procedural statute and in operation at the time of trial would perhaps be applicable to the offense charged against appellant, although it was under the 1935 enactment of the 44th Legislature. However, if the statute quoted should not apply we think the case of Stevens v. State, 133 Texas Cr. R. 333, 110 S. W. (2d) 906, is controlling and that under the evidence in the present record the issue of entrapment as discussed in the case mentioned is not raised. Appellant relies on Boyd v. State, 118 Texas Cr. R. 532, 39 S. W. (2d) 55, no doubt having overlooked the fact that the case last mentioned was expressly overruled on the question here being considered, in the Stevens case (supra).

Appellant requested a special charge substantially the same as that refused upon the other trial which refusal was under the record then before us held error upon which the reversal was predicated. (See Terry v. State, 134 Texas Cr. R. 95, 114 S. W. (2d) 254. No evidence is found in the present record which raises any issue of a possible change in the alcoholic content of the liquor when made or sold and when analyzed. No error is shown in declining the special charge under the record on the present trial.

It is appellant's contention that the State having alleged that the wine sold was "intoxicating liquor" it was required to prove it, and that the evidence fails to support said averment. He requested the trial court to instruct the jury to return a verdict of not guilty on the ground mentioned and complains of the refusal of said instruction, and insists that this Court should order a reversal because the evidence does not show that the liquor sold was intoxicating. The contention of appellant must be sustained unless this Court can take judicial notice that "wine" is an intoxicating liquor. In addition to proof that the liquor was wine the evidence is also undisputed that the wine when analyzed contained 10.7 per cent alcohol by volume and 8.61 per cent by weight. It appears from the statement in 33 Corpus Juris, p. 496, Sec. 17, and the notes thereunder that by the weight of authority courts will take judicial knowledge that "wine" is an intoxicating liquor. In the notes is found cited Barnes v. State, 44 S. W. 491, from our own Court. The evidence there showed that

defendant sold "hop ale." In the course of the opinion is found this language. "While this Court may know that whisky, brandy, wine and lager beer are intoxicating, this Court can not judicially know that hop ale was intoxicating." See also 15 Ruling Case Law, Sec. 59, p. 1132, and cases cited thereunder. The case of Vermont v. Barr, 84 Vt. 38, 77 Atl. 914, is also reported in 48 L. R. A. (N. S.), p. 302, and in the note thereunder many cases from other states are cited under the head of "Wine" which hold that the courts will take judicial notice that it is an intoxicating liquor even though the evidence fails to develop that fact. Under the authorities we conclude that the refusal to give the special charge requested was not erroneous. It follows that a reversal should not be ordered under the facts here presented.

The judgment is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, reurges the same grounds presented on original submission as a basis for a reversal of this judgment.

We have again reviewed the record in the light of his contentions and remain of the opinion that the cause was properly disposed of on original submission. To again discuss the questions presented, would be but reiterating what has heretofore been said.

The motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.