GEORGE EVANS V. THE STATE.

No. 21205. Delivered November 20, 1940.

The opinion states the case.

*Williford, Williford & Bond,* of Fairfield, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was convicted and assessed a fine of $100.00 by a jury in the County Court of Freestone County on a charge of violating the local option law.

The evidence is without dispute in the case that appellant sold to Harold Keeling some whisky in Freestone County on February 28, 1940. Keeling was a representative of the Liquor Control Board. It is also without dispute in the case that an election had been properly held, the results declared, published, etc., prohibiting the sale of intoxicating liquor in Freestone County. The complaint and information add an allegation to the effect that since the adoption of the local option law and the prohibition of the sale of liquor in said county, it had not been legalized by any subsequent election. There is no proof on this allegation.

The chief complaint on appeal is because of the State's failure to prove that the sale of liquor had not been properly legalized. In his brief appellant submits this proposition of law: "Where a person, place or thing necessary to be mentioned in indictment is described with unnecessary particularity, all circumstances of description must be proved."

We concede the correctness of this proposition of law and adhere to the list of authorities which are cited in the brief, but it is our conclusion that the allegation under discussion in the instant case is not necessary descriptive matter which has been alleged with unnecessary particularity, but rather as

defensive matter of which the appellant might have availed himself. In Blaine v. State, 139 S. W. (2d) page 792, this court passed upon the very question, saying that had there been any question raised relative to such matter, it would have been necessary to submit it as an issue to the jury, citing Branch's Criminal Law, page 375. The court, however, having before it the orders sufficient to make a prima facia case, was authorized to charge that the local prohibition law was in force and effect.

In Irish v. State, 29 S. W. 778, Judge Hurt, having the question before him, held that defensive matters must be proved by the party wishing to avail himself of it and that it will be presumed from the entering of the order of the election and prohibiting the sale of intoxicating liquors within the county that all preliminary matters had been favorably passed upon. He applied the same rule as is applied to judgments in civil cases.

It is, therefore, apparent that the allegation to the effect that no election had been held and that the sale of liquor had not been legalized was, from the standpoint of the State, surplus matter. This distinguishes it from a description of necessary things which are more particularly described than is required. The rule is not the same.

The contention of appellant is overruled, and the judgment of the trial court is affirmed.