## ELGIN BELL v. THE STATE.

No. 21326. Delivered December 11, 1940.

Rehearing Denied January 22, 1941.

Application for Leave to File Second Motion for Rehearing Denied,

(Without Written Opinion) February 5, 1941.

The opinion states the case.

*H. D. Stringer,* of Memphis, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is selling wine in a dry area; the punishment, a fine of $100.00.

An inspector of the Texas Liquor Control Board testified that on the 28th day of September, 1939, he bought a quart of wine from appellant. The testimony of appellant's witnesses raised the issue of alibi.

Appellant contends that the State failed to introduce all of the orders necessary to show the dry status of Hall County. Appellant has failed to specify the absence of any essential order from the record. Our examination of the statement of facts leads us to the conclusion that all essential orders were introduced in evidence.

It was shown that after prohibition had been adopted in Hall County subsequent elections had been held, but that such elections failed to change the dry status of the county. This testimony was given orally by the custodian of the records with-

out producing the records relating to such subsequent elections. Appellant objected to the testimony on the ground that the records constituted the best evidence. Under the holding of this court in George Evans v. State. Opinion No. 21,205, delivered November 20, 1940, (140 Texas Crim. Rep. 290) it was not incumbent upon the State to prove that the dry status of the county had not been changed by subsequent elections, notwithstanding it was averred in the indictment that such change had not occurred. In short, the court held that the averment mentioned was surplusage.

Article 666-3a of the Texas Liquor Control Act provides:

"'Liquor' shall mean any alcoholic beverage containing alcohol in excess of four (4) per centum by weight, unless otherwise indicated. Proof that an alcoholic beverage is alcohol, spirits of wine, whisky, liquor, wine, brandy, gin, tequilla, mescal, habanero, or barreteago, shall be prima facie evidence that the same is liquor as herein defined."

The court instructed the jury, over appellant's proper objection, as follows:

"You are hereby instructed that wine is a liquor containing alcohol in excess of one-half of one per centum by volume."

It is appellant's contention that the court should have given his requested instruction defining prima facie evidence. If such an instruction would have been proper—and this is not conceded—we are unable to perceive how either the charge the court gave, or the failure to give appellant's requested instruction, could have injured appellant. We say this in view of the fact that subdivision (b) of Article 666-4 of the Texas Liquor Control Act reads as follows:

"It shall be unlawful for any person in any dry area to manufacture, distill, brew, sell, possess for the purpose of sale, import into this State, export from the State, transport, distribute, warehouse, store, solicit or take orders for, or for the purpose of sale to bottle, rectify, blend, treat, fortify, mix, or process any liquor, distilled spirits, whiskey, gin, brandy, wine, rum, beer or ale."

It is observed from the foregoing quotation that the sale of wine in a dry area is inhibited. This court takes judicial notice that wine is an intoxicating liquor. Terry v. State, 128 S. W. (2d) 1202. We do not understand that the provisions of the statute heretofore quoted to the effect that proof that an alco-

holic beverage is wine is prima facie evidence that it is liquor as defined in the statute should cause this court to reverse its former holdings that we take judicial notice that wine is an intoxicating liquor. The complaint charged that the wine appellant is alleged to have sold was an intoxicating liquor and contained alcohol in excess of one-half of one per centum by volume. Being intoxicating, it would seem to follow that its alcoholic content was more than one-half of one per centum by volume. Under the circumstances, if error was committed by the court with reference to the charge in question, we think such error was harmless.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant seriously contends that we erred in our original opinion in holding that the State offered in evidence the orders of the Commissioners' Court of Hall County showing that local option was in force and effect in said county at the time of the commission of the alleged offense. He contends that our holding is tantamount to saying that to offer in evidence the orders is equal to their introduction in evidence, which is contrary to the decision of this court in Lester v. State, 153 S. W. 861; Graham v. State, 139 S. W. (2d) 269, and McChristy v. State, decided December 18, 1940, but not yet reported (140 Texas Crim. Rep. 475). We are not unmindful of the holding of this court in the cases mentioned, but in the case under consideration the County Attorney called the deputy county clerk, who produced the minutes of the Commissioners' Court and identified the same. He then introduced the orders of said court ordering an election for the purpose of determining whether or not the sale of intoxicating liquor within and for Hall County should be prohibited, the notice of the time and place for holding said election, the order declaring the result of said election to be in favor of prohibiting the sale of intoxicating liquor, the proclamation of the county judge, together with the publication thereof, all of which appears in the statement of facts. It might have been better had we said that the orders were introduced instead of having said that they were

offered in evidence. They were actually introduced in evidence as disclosed by the statement of facts, of which appellant no doubt had full knowledge because his attorney agreed to the statement of facts and signed the same. We therefore overrule his contention.

Appellant next complains that we erred in declining to sustain his contention that the trial court committed reversible error in declining to give his special requested instruction to the effect that "liquor shall mean any alcoholic beverage containing alcohol in excess of four per centum by weight." He claims that it was charged in the information that he sold "liquor" and therefore our holding in the instant case is in conflict with our decision in the cases of Pain v. State, 115 S. W. (2d) 638, and Terry v. State, 128 S. W. (2d) 1202. We have examined the authorities cited by appellant but find ourselves unable to agree with him that our holding in the instant case is in conflict with the decisions in those cases. In the present instance, it was charged that appellant sold to E. S. Crider "wine, same being an alcoholic beverage containing more than one-half of one per cent of alcohol by volume." Article 666-4, P. C., makes it unlawful for any person in any dry area to * * * sell * * * wine, etc. This court has heretofore said in the case of Terry v. State, supra, that we will take judicial notice of the fact that wine is an intoxicating liquor containing alcohol in excess of one-half of one per cent by volume. Consequently, the State was not required to prove that the wine contained alcohol in excess of four per cent by weight. We do not believe it would serve any useful purpose to again enter upon a lengthy discussion of the question. We therefore overrule the same.

All other matters urged in the motion for rehearing have had our most careful consideration and are deemed to be without merit.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.