HUGH PARKER V. THE STATE.

No. 21608. Delivered May 21, 1941.

The opinion states the case.

*Walter E. Gates,* of San Saba, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for transporting beer in a dry area. The punishment assessed is a fine of $100.00.

The record discloses that on or about the 13th day of September, 1940, the Sheriff of San Saba County, while on his way to Llano, passed the appellant who was riding in a coupe, traveling in the direction of San Saba. After passing the appellant, the sheriff looked back through the rear window of his car and noticed that the turtle-back of appellant's car was raised approximately three inches, and he saw that there was beer in the back of the coupe. He turned around and followed appellant into San Saba County, halted him, raised the lid of the turtle-back and took therefrom two full cases and three one-half cases of 12-ounce cans of beer. There were twenty-four cans to the case. Appellant took the witness-stand and testified that the lid to the back of his car was raised about two inches but that no one could see any beer in the car by looking through the small open space.

By Bills of Exception Nos. 1 and 2 appellant complains of the court's action in declining to sustain his motion to quash the complaint and information and in permitting the sheriff to testify as to what he found in appellant's car by a search thereof because the search was made without a search warrant. The beer in the back of the car being visible, and the sheriff having noticed it, he did not need a search warrant to search the car. See Cothren v. State, 136 Tex. Cr. R. 463, 126 S. W. (2d) 32; Boles v. State, 137 Tex. Cr. R. 521, 132 S. W. (2d) 881, where the question is discussed. The complaint and information being regular and in due form, the court was eminently correct in overruling the motion to quash, even though it might be conceded (which we do not do) that the search of the car without a search warrant was illegal.

Bill of Exception No. 3 shows that appellant, while on the witness-stand, undertook to testify as to the ownership of the beer and the purpose for which it was being transported, to which the State objected and the objection was sustained. That is all this bill discloses. Consequently, we are not advised what his testimony would have been. If he had testified that he owned the beer and was transporting it to his home or elsewhere for the purpose of sale, it would not have excused or justified

his act. It will be noted that the bill, as it appears in the record, is deficient and fails to show any error.

Bill of Exception No. 4 complaining of the court's action in declining to give appellant's special requested instruction to the jury to return a verdict of not guilty is without merit. The evidence is ample to sustain the conviction.

The matter complained of in Bill of Exception No. 5 relates to the same subject matter as contained in Bills Nos. 1 and 2, and for the reasons there stated, this bill is overruled.

Bill No. 6 fails to reflect any reversible error.

Finding no error in the record, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.