VERNON McLAUGHLIN V. STATE.

No. 25,820. April 16, 1952.
Rehearing Denied June 4, 1952.

Hon. Walter S. Pope, Jr., Judge Presiding.

*Scarborough, Yates, Scarborough & Black,* by *Beverly Pothoff,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appellant was convicted for the possession of beer for sale in a dry area. Two former convictions for a like offense were alleged for the purpose of enhancing the penalty which resulted in a fine of $1,000.00 and one year in jail.

The evidence and the issues involved are tersely stated in appellant's brief as follows: "The alleged offense occurred on the night of June 2, 1951. On that night, according to the evidence offered by the State, Leon Bowman, Supervisor of the Texas Liquor Control Board Office at Abilene, accompanied by

two other liquor control board men, went to the home of the defendant armed with a search warrant. They searched the house and grounds without finding anything. The liquor control board men testified that they then followed some tracks leading from the front door of the defendant's house to a car parked on a vacant lot, belonging to the defendant. Twelve cases of beer were found in this car. It was and is the defendant's contention that the state had shown no evidence of possession, care or control or custody on the part of the defendant of this beer."

Thus is presented the one issue requiring consideration of this appeal. Enlarging on the evidence above stated, it is shown that the car in question had been on this vacant lot adjoining appellant's house for at least two months; that three weeks prior to the time of the search an officer asked who the cars on that lot belonged to and appellant replied that they were his. In the trial of the case it is shown by the defendant that some twenty-three days after the search another party transferred the ownership of this car to still another, who claimed to be the owner at the time of the trial. The evidence is very clear and uncontroverted that the car was a wreck and on the lot where appellant's son was taking parts off of wrecked cars. It would not be necessary under the law to give a transfer in the sale of a wrecked automobile which is to be dismantled, as was apparently the purpose of the cars described on the lot. Furthermore, it is not necessary to show the ownership of the car in appellant if it was in his possession on his premises, as is the case. If the circumstances are sufficient to convince a jury that it was under his control then they are warranted in finding that he was in possession of the beer. If this were not the law "A," living in Dallas, could own a wrecked car in the back yard of "B," who lives in Houston. "B" could use it as a depository for illicit liquor. In turn, "A" could use a car belonging to "B" in Dallas as a storage for his liquor and the defense would be that he did not own the car. Appellant has cited no authority to sustain the contention and we know of none.

Again, the evidence shows that this car was only twelve steps from the appellant's residence and that it had been raining during the day and was raining at that particular time. The officers, in leaving the house, followed tracks leading to the car and there found the 12 cases of beer, consisting of 288 twelve ounce cans.

Appellant contends that under the case of George v. State,

144 Tex. Cr. R. 183, 162 S.W. 2d 110, this evidence of tracks has no probative force to establish the guilt of appellant. In the George case the situation was quite different. Officers had searched the residence and, though they found the wife disposing of a mixture which had the odor of whisky, it was under circumstances which would not support a conviction. From the back yard they found tracks of one individual only going through a cane patch, across a fence and some distance into a corn field, where a large quantity of liquor was found. This cane patch and corn field belonged to another person who resided nearby. The proof showed only that some individual had gone to the place where the liquor was found and had returned. It showed no beaten path and there was no other circumstance indicating an exercise of ownership or control in the accused. The circumstances in this case are quite different. When the officers approached the house and knocked on the door the appellant invited them in and told them he was expecting them. Muddy tracks which had not been rained out probably indicated that they were fresh and, considered in conjunction with his statement, would support to some degree the conclusion of the jury that he had placed the beer in the car after receiving whatever information caused him to be on the lookout for the officers. If other evidence than the finding of the liquor in the car on his premises should be needed to support the conviction, this incident added something and certainly did not help the defense.

Another question is raised in the case because of a voluntary statement of the representative of the Texas Liquor Control Board, to the effect that his predecessor, before leaving, had taken him around to show him the "places." We would have to speculate a good deal to reach a conclusion that he conveyed information to the jury so damaging as to injure appellant's case, under the circumstances. There is nothing inflammatory about it and instruction of the court would take care of the situation with a jury composed of reasonable men.

We find no reversible error and the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that we erred in holding the facts sufficient to support the conviction.

We have again examined the facts in the light of the conclusion expressed and remain convinced of the correctness of our original holding.

The sufficiency of the evidence to support the conviction is presented upon other grounds.

The information, after alleging the facts showing the local option status of Taylor County and that appellant unlawfully possessed beer for the purpose of sale in that county, alleged these additional matters, viz.:

"said alcohol beverage not being of a type and alcoholic content that had been legalized by any valid local option election in said Taylor County, and the said Vernon McLaughlin not being then and there the holder of a medicinal permit, and not the holder of an industrial permit, in violation of said law in said Taylor County."

These negative allegations were entirely unnecessary to the validity of the information. Baker v. State, 132 Tex. Cr. R. 527, 106 S. W. 2d 308.

These negatives were a part of Art. 666-4, Sec. (b), Vernon's P. C., prior to the amendment of that article in 1937. They are not now, and have not been since the amendment, a part of or incorporated in said article.

There is no testimony supporting these allegations of the information. The question arises as to whether it was necessary for the state to establish same by the proof.

Under the Dean Law (Arts. 666-694, P. C.), which was repealed by the present Liquor Control Act, it was a felony to sell and possess . . . . . intoxicating liquor. It was provided by statute (Art. 669, P. C.) that the sale or possession . . . . . of liquor for medicinal, mechanical, scientific, or sacramental purposes was not unlawful.

We held that in prosecutions under those statutes, the state was not required to either allege or prove the exemptions mentioned. Robert v. State, 90 Tex. Cr. R. 133, 234 S. W. 89; Hunter v. State, 96 Tex. Cr. R. 509, 257 S. W. 1104; Clark v. State, 111 Tex. Cr. R. 384, 12 S. W. 2d 792. The basis for such holding was that inasmuch as the purpose for which the accused sold or possessed the intoxicating liquor was entirely

within his knowledge, the burden was upon him to prove legality thereof.

The negative allegations in the instant case that appellant was not the holder of a medicinal or industrial permit can not be said to be matters entirely or peculiarly within his knowledge. Medicinal and industrial permits are issued by duly constituted authority and are matters of record.

The fact, however, that appellant was not the holder of a medicinal or industrial permit constituted no defense to this prosecution. Here, the prosecution was for possessing beer for the purpose of sale in a dry area.

A medicinal permit authorizes the sale or possession of liquor only for medicinal purposes. Art. 666-15, Sec. (19), Vernon's P. C. Liquor has an alcoholic content in excess of four per cent. by weight. Art. 666-3a, Sec. (5), Vernon's P. C. Beer cannot contain more than four per cent. by weight. Art. 667-1, Sec. (b), Vernon's P. C. It is apparent, therefore, that medicinal permits have no reference to, nor do they authorize the possession or sale of, beer for medicinal purposes.

Industrial permits authorize only the handling of alcohol (Art. 666-15, Sec. 11, Vernon's P. C.). Therefore, an industrial permit has no reference to beer.

As thus construed, the allegations of the instant information that appellant was not the holder of a medicinal or industrial permit could be rejected as surplusage.

But such is not true of the other negative allegation of the information, which was that beer had not been "legalized by any valid local option election in said Taylor County." The information having alleged the dry status of Taylor County by reason of the election and the resultant order and publication putting local option into effect, it was unnecessary to make the additional allegation that beer had not been legalized by an election in that county. Such allegation, however, constituted an additional allegation of the dry status of Taylor County, and therefore cannot be treated as surplusage. It becomes necessary, then, that such allegation be either sustained by the proof or proof thereof waived.

In the instant case there was no evidence introduced show-

ing the dry status of Taylor County. The parties, state and appellant, stipulated, out of the presence and hearing of the jury, that Taylor County was a dry area. Such stipulation was not made before the jury, whose duty it was to find the dry status of the county in order to convict. The trial court, however, charged the jury, as a matter of law, that Taylor County was a dry area. To such an instruction, no exception was reserved. The trial court, as a consequence of that stipulation, did not, in his charge, require the jury to find the dry status of Taylor County in order to convict the appellant, but did require an affirmative finding by the jury that "said alcoholic beverage (beer) being not of a type and alcoholic content that had been legalized by any valid local option election in said Taylor County." There was no proof before the jury of such fact.

Taylor County being a dry area under the trial court's instruction, it follows that no election could have been held legalizing beer in that county. Consequently, the stipulation of the dry status included, also, the fact that beer had not been legalized in the county. Therefore, a finding by the jury thereon was not necessary, in view of the stipulation.

In Baker v. State, supra, we approved a form of information deemed sufficient to charge violations of Art. 666-4, Sec. (b), Vernon's P. C. May we again call attention to the advisability of the use of that form, or one similar thereto, in such prosecution, as well as the inadvisability of including in the information, as here, unnecessary allegations.

The other matters discussed in our original opinion have been examined again.

We remain convinced of the correctness of our original conclusion, and appellant's motion for rehearing is overruled.

Opinion approved by the court.