COLEMAN STEEN V. STATE.

No. 25,978. October 29, 1952.
Rehearing Denied December 10, 1952.

*Burks & McNeil,* by *Clifford W. Brown,* Lubbock, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is transportation of beer in a dry area; the punishment, one year in jail and a fine of $1,000.00.

The arresting officers testified that they were proceeding along the highway looking for an abandoned automobile when they met appellant and one Cook, who was driving; that as they passed they noticed that both men looked back at them; and, as they had just heard part of a police broadcast reporting that some tires had been stolen in Midland and that the police were looking for some colored men in connection with the theft, they decided to investigate the automobile in which appellant and Cook were riding. They further testified that, after having turned around and brought the automobile to a stop, they saw some whiskey on the back seat thereof; that appellant and Cook claimed that they had no more whiskey than the law allowed them; whereupon, they were questioned as to what they had in the turtle of the automobile; that, in answer to this inquiry, the appellant handed them the keys to the automobile. They also testified that Cook and the appellant stated that they had bought the automobile less than 30 days before; that the turtle had never been opened since its purchase by them, and that the keys which they had would not open it. The officers also testified that they tried the keys furnished by appellant, were unable to open the turtle, and that, finally, after much effort and at a later time and different place, they did get it open

with one of the keys furnished by appellant, and found therein ten cases of beer which form the basis for this prosecution.

We shall attempt to discuss the propositions raised by appellant's able counsel in his excellent brief.

His first contention is that the evidence is insufficient to connect the appellant with the beer in question and, further, that the state failed to disprove the exculpatory statement of the appellant and his companion to the effect that they did not know what was in the back of the automobile, since they had never been able to get into it with the keys furnished them.

A question worthy of attention might have been presented here were it not for the fact that the trial court gave appellant's requested charge No. 4 on exculpatory statements. The officers had the right to stop the automobile in question because of the suspicious conduct of the appellant and his companion, coupled with the fact that they had certain information about the recent theft of certain personal property in the area; once the automobile was stopped and they saw the whiskey therein, before entering the same, they had a right to search the automobile because of the dry status of the area. Parker v. State, 142 Tex. Cr. R. 50, 151 S. W. 2d 205.

The only construction we can give the officer's testimony is that the appellant and Cook owned the automobile in question jointly. Cook was driving, and the appellant was riding with him.

This we deem sufficient to establish that they were acting together in the transporting of the beer found at that time in the automobile.

Appellant next contends that the evidence is insufficient to establish the dry status of Martin County as alleged. That is, he says that the proof fails to support the allegation that the sale of alcoholic beverages had not been legalized in said county subsequent to the election of March 3, 1903.

Before determining the sufficiency of such proof, we must determine whether any proof was necessary. While it is true that, from expressions found in our opinion on motion for rehearing in McLaughlin v. State, 157 Tex. Cr. R. 384, 249 S. W. 2d 221, one might conclude that such proof is necessary, we must

examine the matter further. We find that such expressions in the McLaughlin case are dicta, and the opinion therein does not attempt to overrule any prior decisions of this court. The last two decisions of this court wherein we find a direct holding on this question are Evans v. State, 140 Tex. Cr. R. 290, 144 S. W. 2d 897, and Bell v. State, 141 Tex. Cr. 59, 146 S. W. 2d 1004. Therein, we said that it was not incumbent upon the state to prove that the dry status of the county had not been changed by subsequent elections, notwithstanding it was averred in the indictment that such change had not occurred. We reaffirm our holding in the Evans and Bell cases.

Appellant next contends that the search of the automobile in which appellant was riding was made without probable cause. At the beginning of this opinion, we stated the facts sufficiently. Here, we observe that, having lawfully stopped the automobile and having, while on the outside thereof, observed whiskey therein, the officers had the right to search the same, since this was a dry area.

By his next proposition, appellant seeks to attack the legality of the local option election held in Martin County in 1903. We recently had a similar contention before this court in Patton v. State, 157 Tex. Cr. R. 252, 248 S. W. 2d 491. There, we said:

"Appellant's first contention is that the order of the Commissioner's Court calling the prohibition election was not made in compliance with the terms of Article 666-33, Vernon's Ann. P. C. This is a matter that should be raised in an election contest and may not be raised defensively here. Article 666-40a states, in part, as follows:

" '* * * and provided further, that *if* no contest of said election is filed and prosecuted in the manner and within the time provided above, it shall be conclusively presumed that said election as held and the result thereof declared, are in all respects valid and binding upon all courts * * *.'

"The cases cited by appellant arose where the State failed to introduce in evidence the order declaring the result of the prohibition election and proof of publication thereof. In such cases, we held that the prohibition status of the territory was not shown, and. therefore, an essential element of the offense had not been proven."

There, as here, all requisite proof was made, and we refused to go back and re-litigate the legality of the manner in

which the election was held or the results thereof made known to those affected thereby.

Appellant's last contention is in connection with jury argument wherein the county attorney said, "Give him 12 long months in the county jail and $1,000 fine, because I never saw a case more reasonable under the circumstances." The only conclusion we can draw from this argument is that the county attorney recommended a certain punishment and said that the facts warranted such punishment. We do not feel that this argument requires reversal when tested by the rule in Vineyard v. State, 96 Tex. Cr. R. 401, 257 S. W. 548, which has been followed by this court since it was enunciated.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Upon the presentation of its evidence-in-chief, the state proved by one of the arresting officers the following:

"We asked them what they had in the turtle—we asked them what they had in the back, and they said they didn't have anything, in fact, they said they hadn't—*they had just bought the car, they hadn't had it but 30 days, and the back never had been opened, and I asked them to let me have the keys* and Coleman Steen and Eddie Cook both got out of the car, and *went back there and he handed me the keys to the turtle*." (Emphasis, supplied.)

Appellant insists that such statement exculpates him from guilt of the transportation of the beer found in the turtle back of the car and for which he stands here convicted. He further insists that inasmuch as there is no testimony contradicting such statement, then as a matter of law the state's case fails because it has not disproved the exculpatory statement mentioned.

An exculpatory statement is one which clears or tends " 'to clear from alleged fault or guilt; excusing.' " Moore v. State, 124 Tex. Cr. R. 97, 60 S. W. 2d 453.

The statement referred to is not exculpatory. It will be

noted that every fact included in the statement could have been true and still appellant would be guilty, for, regardless of when or by whom the beer was placed in the turtle back of the car, if appellant knew the beer was in the automobile and transported it he would be guilty. The claimed exculpatory statement does not exculpate him of such knowledge. Moreover, the state did not rely upon the claimed exculpatory statement to show appellant's guilty connection with the transportation of the beer, but made a prima facie case of his guilt by the finding of the beer in the car which he was driving.

We remain convinced that the facts warrant the jury's conclusion of guilt.

The state, in proving the publication of the order putting local option into effect, relied upon and introduced in evidence what appears to be a marginal reference upon the order of the commissioners court canvassing the returns and declaring the result of the local option election as it appeared in the minutes of the commissioners' court. The reference reads as follows:

"(The above order was duly published by posting copies (of the same at three public places within the time (prescribed by law for the length of time required (by law."

"Bailey Anderson                    *Bailey Anderson*"

The caption to the order canvassing returns and declaring the result shows that Bailey Anderson was county judge of Martin County.

We are constrained to agree that the certificate was sufficient to constitute prima facie evidence that the order declaring the result of the election had been published as required by law.

Appellant, in reliance upon his contention that the certificate is insufficient, cites Watson v. State, 135 Tex. Cr. R. 632, 122 S. W. 2d 311. In that case the certificate of publication showed, upon its face, that publication was made before the election was held. Such is not true of the instant certificate.

Believing that a correct conclusion was reached originally, the motion for rehearing is overruled.

Opinion approved by the court.