**Joe James ROBINSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40340.**

Court of Criminal Appeals of Texas.

May 10, 1967.

Paul J. Chitwood, Dallas, for appellant.

Henry Wade, Dist. Atty., John H. Stauffer, Al Walvoord and Kerry P. FitzGerald,

Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Robbery by Assault; the punishment, seventy (70) years confinement in the Texas Department of Corrections.

A recitation of the facts is unnecessary for a proper disposition of the grounds of error relied upon by appellant.

In his first ground of error, appellant complains of the trial court's refusal to grant his motion to dismiss the indictment at the close of the State's case in chief on the issue of guilt or innocence.

Trial commenced on September 12, 1966.

In the second paragraph of the indictment, it was alleged that the appellant had been previously convicted of the offense of Robbery by Assault in Lubbock County, Texas, in 1957. In accordance with Article 36.01, Vernon's Ann.C.C.P., the second paragraph of the indictment alleging the prior conviction was not read to the jury, and the defendant entered his plea of not guilty to the primary offense.

■ At the close of the State's case in chief upon the issue of guilt or innocence of the primary offense, appellant made a motion which he has designated a dismissal motion, rather a motion for instructed verdict, claiming there was a fatal variance between the proof offered and the allegations of the indictment alleging a prior conviction since the proof at that point of the trial showed no such prior conviction. The Court refused to rule on appellant's motion saying it was untimely made and pointing out that the second paragraph of the indictment was relevant to and must be resolved at the separate hearing on punishment if the jury found the appellant guilty

of the primary offense. The trial court was correct.

Article 36.01, supra, provides in part, as follows:

"A jury being impaneled in any criminal action, the cause shall proceed in the following order:

1. The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07.

2. * * *

3. * * *

8. In the event of a finding of guilty, the trial shall then proceed as set forth in Article 37.07."

See Article 37.07, C.C.P.

Appellant's first ground of error is overruled.

In his next ground of error, appellant urges that the trial court erroneously altered or amended the indictment as to the matter of substance.

The trial court submitted to the jury in its charge on the issue of guilt or innocence only the first paragraph of the indictment alleging the primary offense. After a verdict of guilty was returned, the Court sustained appellant's objections to the second paragraph of the indictment alleging the prior robbery conviction because it was shown that on the date alleged in the second paragraph there had been no final conviction. The second paragraph was dismissed by the Court.

■ Appellant's counsel acknowledges in his brief that he is aware that allegations of a prior conviction are not a substantial part of the primary offense, but

are for the determination of punishment alone. Nevertheless, he contends that the submission of the primary offense alone to the jury in the Court's charge on guilt or innocence as well as the subsequent dismissal of the second paragraph constituted an amendment or alteration of the indictment as to a matter of substance and was reversible error. We cannot agree. Article 36.01, supra; Article 37.07, supra; Epperson v. State, 168 Tex.Cr.R. 557, 330 S.W.2d 445; Urtado v. State, 167 Tex.Cr. R. 318, 319 S.W.2d 711.

The dismissal of the second paragraph was at appellant's request and was favorable to him. Further in Epperson v. State, supra, this Court said:

"If we understand appellant's next contention, it is that the indictment against him was 'amended' when only the primary offense was submitted to the jury. The submission of only one of several counts would not constitute an amendment or alteration of the indictment."

The appellant chose the jury to assess the punishment and the Court in its charge following the hearing on punishment did not mention or allude to the enhancement statute (Article 62, Vernon's Ann.P.C.). At no time was the jury made aware of the allegations of the second paragraph.

The record does reflect that at the hearing on punishment, the appellant in person and his counsel stipulated he had twice previously been convicted of felonies in Texas. One of the prior convictions stipulated was the same conviction that had been improperly alleged in the second paragraph of the indictment.

In his last ground of error, appellant contends the Court abused his discretion in allowing the State's attorney to continue his closing jury argument on the hearing on punishment after the allotted time had expired and over the objection of the appellant.

It appears that the trial court allotted five minutes to each side for jury argument. Such action was taken without objection and was apparently by agreement. During the progress of the concluding argument by the State, the Court cautioned, "Time to start closing, Mr. Stauffer."

Shortly thereafter, as the State's counsel was saying, " * * * it is the recommendation of the District Attorney's office * * *", appellant's counsel objected to any further argument as being beyond the time allotted.

The objection was overruled and the State's counsel was instructed by the Court to "close up". Three sentences, or 123 words later, State's counsel concluded his argument.

Appellant admits that the record does not reflect the time actually consumed in argument, but estimates it was far in excess of the time allotted and that such extension permitted the State's counsel to make a recommendation to the jury of ninety years as punishment in the cause.

■ The trial court is vested with broad discretion in regulation of the duration of argument to the jury. See 56 Tex.Jur.2d, Trial, Secs. 231, 232; 6 A.L.R.3d 604.

■ As a general rule the consumption by an attorney of more time than was allotted him is not reversible error, if in allowing him to finish his argument, the Court did not abuse its discretion, and some substantial right of the complaining party was not thereby denied him.

In Hamer v. State, 104 Ark. 606, 150 S.W. 142, the Supreme Court of Arkansas said:

"We do not think the statements of the prosecuting attorney, objected to, transcended the bounds of legitimate argument in the presentation of the case to the jury, nor that the Court abused its discretion in permitting him to take two

minutes more in his concluding argument than the time allotted each side for argument of the case when it began. This was a matter of discretion within the discretion of the Court; and, unless an abuse of that discretion is shown or some prejudice resulting to the defendant on account of it, the verdict will not be disturbed on appeal."

 Since the record does not reflect that the State's counsel actually exceeded the time allowed or that his recommendation as to punishment was improper argument or prejudicial to the defendant; 56 Tex.Juris 2d, Trial, Sec. 278; Guajardo v. State, Tex.Cr.App., 363 S.W.2d 259; Steen v. State, 158 Tex.Cr.R. 77, 253 S.W.2d 279; we cannot conclude that reversible error has been shown. Even if the record did reflect that prosecutor did somewhat exceed the time allotted, we could not conclude that the Court abused its discretion in allowing him to do so under the circumstances of the case.

The judgment is affirmed.