**Ex parte GRAHAM.**

No. 12038.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 11, 1950.

Nielsen & McCormick, Raymondville, for appellant.

J. G. Foster, Raymondville, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal by the relator, Sam Graham, from a judgment of the 107th District Court of Willacy County, a wet area in which the sale of alcoholic beverages is

not prohibited, affirming the order of the County Judge of Willacy County, denying relator's application for a "Beer Retailers on Premises License," under authority of the provisions of Articles 666—1 et seq. and 667—1 et seq. of Vernon's Texas Penal Code.

At the hearing before the county judge as an administrator, Sam Graham testified in his own behalf and introduced in evidence his application for a Beer Retailers on Premises License duly filled out, and also a number of pictures of the premises, known as the Hopper Place, located on Highway 77, between Lyford and Sebastian. These pictures show, among other things, that the building at the Hopper Place sits well back from the highway and that there is ample parking space upon the premises.

Relator offered the witness A. F. McCormick who merely testified to the fact that relator had a lease upon the premises on which he intended to have his retail beer business. Relator also introduced the witness S. E. Gene Smith, who testified that he was a professional photographer and that he made the pictures introduced in evidence and described and explained these pictures.

In opposition to the issuance of the permit, the County Attorney called as witnesses I. L. Jones, Raymond Hocott, Bruce Gilbert, Luther Boland and W. C. Terry. All of these witnesses testified to their opposition to the license being issued, and, among other things, testified that a retail beer business operated at the Hopper Place would create a traffic hazard on Highway 77, and that especially was this true because the beer business would be operated on the same premises with a filling station. When the case was appealed to the district court the record made at the hearing before the county judge was simply introduced in evidence by agreement as the statement of facts in the district court.

▇ The question here presented is, was there substantial evidence reasonably supporting the judgment of the county judge and the district judge in refusing the application for the beer license? Jones v.

Marsh, Tex.Sup., 224 S.W.2d 198, affirming Court of Civil Appeals, 223 S.W.2d 29.

▇ The burden of proof was upon appellant to show that the order of the county judge was not reasonably supported by substantial evidence and was therefore void. State v. Peeler, Tex.Civ.App., 200 S.W.2d 874; Ramos v. Austin, Tex.Civ. App., 220 S.W.2d 528.

In addition to the evidence of the five witnesses who testified against the issuance of the permit, the record shows that the county attorney and all peace officers of the county were opposed to the granting of this permit, and that at least on two occasions parties had applied for a retail beer license to operate a business at the same place and that no permit had been granted them.

▇ Under all the facts in this case, we cannot say that the order of the county judge was not reasonably supported by substantial evidence and, therefore, the judgment appealed from will be in all things affirmed.