**CORDER v. DELGADO.**
No. 2939.

Court of Civil Appeals of Texas. Waco.
Nov. 22, 1950.

Ralph E. Cadwallader, San Antonio, for appellant.

James Tafolla, Jr., San Antonio, for appellee.

LESTER, Chief Justice.

Amparo C. Delgado filed her application with the County Judge of Bexar County, Texas, for renewal of a wine and beer retailer's license to sell these beverages at the St. Louis Bar, located at 710 South Laredo Street in the City of San Antonio, Texas. The application was contested and the County Judge denied it. The applicant timely appealed to the 37th Judicial District Court of Bexar County, Texas. In her appeal to the District Court the applicant alleged that the County Judge found that a lawful reason existed to warrant the denial of said application and entered an order denying the same; that the allegations of the protestant as to the manner in which she might conduct the beer dispensing business were speculative and not based upon facts; that the County Judge, in denying said application, acted arbitrarily, unjustly, capriciously and illegally and did not predicate his findings upon substantial evidence.

The proceeding came on for hearing before the District Judge and he found "that the County Judge, in denying petitioner's application, acted arbitrarily and illegally and did not predicate his findings upon substantial evidence", and proceeded to set aside the County Judge's order and approved the application and ordered the permit issued. The contestant excepted and perfected his appeal.

The applicant has filed no brief. The contestant bases his appeal upon three points:

"(1) The District Court erred in finding that the County Judge acted arbitrarily and illegally, and that he had no predicate for his denial of the permit.

"(2) The District Court erred in reversing the ruling of the County Judge, and erred in granting the permit, and did not recognize that the ruling of the County Judge was an administrative act rather than a judicial determination.

"(3) The District Court erred in substituting his own judgment in the matter, rather than passing upon the paramount question in issue: Was the decision of the County Judge based upon substantial evi-

dence produced at the hearing or available at the hearing?"

The law is well settled that the acts of the County Judge in proceedings of this nature are administrative rather than judicial and the substantial evidence rule applies. Jones v. Marsh, Tex.Sup., 224 S.W.2d 198; Ramos v. Austin, Tex. Civ.App., 220 S.W.2d 528; Ex parte Graham, Tex.Civ.App., 226 S.W.2d 247. License to sell beer and wine is a privilege and not a property right. Article 666—13, Vernon's Ann. Penal Code; Jones v. Marsh, supra; State v. DeSilva, 105 Tex. 95, 145 S.W. 330; Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W. 2d 300; Louder v. Texas Liquor Control Board, Tex.Civ.App., 214 S.W.2d 336.

The County Judge, following the hearing of the application and the denial thereof, filed findings of fact upon which he based his refusal of the permit, stating that such findings were based upon a preponderance of the evidence, and are as follows:

"(1) That the place or manner in which the applicant for a retail dealer's license may conduct her business is of such a nature which, based on the general welfare, health, peace, morals and safety of the people, and on the public sense of decency, warrants a refusal of the license.

"(2) That the premises for which the license is sought has been used for selling alcoholic beverages in violation of the curfew law and that five arrests were made at 710 South Laredo Street, in San Antonio, Texas, by the police department of the city; and that of the five arrested, three were convicted and either paid fines or served jail sentences, one forfeited his bond, and one was found not guilty.

"(3) That the location of the proposed retail establishment for the sale of beer is within 300 feet of a church, which church has protested the granting of this license."

The evidence in the hearing before the District Court shows that the St. Louis Bar is located almost directly across the street from the First Mexican Baptist Church; that the street is 60 or 70 feet in width. Miss Irene Anderson testified that she was a member of and a missionary to the church and a director of the kindergarten and nursery; that they held school five days a week during the school term at the church and also held a vacation Bible school in the summer; that the St. Louis Bar is located almost opposite the church on South Laredo Street; that she caught the bus a little north of the bar on the same side of the street. She further testified that within the last few months she had been accosted by men who came out of this bar in question; that within the last six months she saw two men carry a man out of the bar and put him in a car, that he was so drunk he couldn't get in the car; that on one side of South Laredo Street, in the block in which the bar is located, forty families live in said block behind the stores located in said block and forty-five families live on the other side of the street in this same block, and also a bunch of children, and that there are three residences on South Laredo Street; that many times people have come from the bar to the church services and the services were interrupted; that it was a nuisance; that on one occasion, as the people came out of the church, a fight was in progress at the front door of this bar, which caused great excitment; that she was of the opinion that the sale of beer at 710 South Laredo Street would be against the peace, morals, safety and health of that neighborhood.

Lenora Ayala testified that she was a member of the church and helped with the kindergarten, which opened at 9:30 A.M. and ran until noon; that she took the children across the street to take them home; that "sometimes there are drunkards there and they not only attract our attention but the children's and at night during services they have loud music at the St. Louis Bar and sometimes drunks will stagger up the walk trying to get in the church"; that said drunks were from the St. Louis Bar and it had occurred within the last six months; that they had playgrounds that were open three or four days a week for a group of children, boys and girls from six to fourteen years of age; that in her opinion the sale of beer

at this place would be against the peace, morals, safety and health of that neighborhood.

Octavia Gomez testified that he was a member of this church and worked there in keeping the place clean and taking care of the children, and that the St. Louis Bar was very much against the peace and moral situation in that neighborhood.

It was stipulated by counsel that six other witnesses would testify that the sale of beer at this place would be, in their opinion, against the peace, morals, safety and health of the neighborhood.

In rebuttal of this evidence, a police officer testified that he used to patrol the district in which this bar was located on Sundays but now he patrolled it on Thursdays, but that he had not patrolled it regularly for he had been on relief; that during the time he did patrol the district he had no occasion to arrest anybody for any kind of violation at the St. Louis Bar. A representative of the Liquor Control Board testified that since the appellee had been operating the bar his records did not reveal any violations occurring at that place and he was not opposing the granting of the application. The applicant, Amparo C. Delgado, in her own behalf, testified that that she and her father stayed at the bar most of the time. and denied the testimony of the contestant's witnesses, and testified in effect that she complied with the law on all occasions. The evidence further shows that there are other bars near to and in the vicinity of the St. Louis Bar.

As we understand the rule laid down by the Supreme Court in Jones v. Marsh, Tex.Sup., 224 S.W.2d 198, on appeal to the District Court from a County Judge's refusal of a permit to sell beer and wine at retail, the trial in the District Court is not to be determined by mere preponderance of the evidence as to whether the permit should be granted or refused, but the inquiry in said court is restricted to the question of whether the County Judge's findings upon which he based his refusal of said permit are reasonably supported by substantial evidence introduced in the District Court, and in passing upon this question all of the evidence so introduced

should be considered. Then it becomes a matter of law and not an issue of fact.

Protestant charged the applicant with violating the curfew law and the County Judge found this to be true, which constituted one of the grounds upon which he based his refusal. The evidence shows that on June 5, 1949, after closing hours, several people were arrested in the rear of the bar for drinking and disturbing the peace and were charged with violating the curfew law and paid fines for said offenses. The arresting officer testified that at the time he arrived on the scene the bar was closed and not lighted and that people were not in the bar but were in the rear of it. The applicant testified that she had no control over the portion of the building where the disturbance occurred but that her bartender lived in the place and that he was present and she and her father were also there.

But because some of the findings of the County Judge are not reasonably supported by substantial evidence, that fact would not vitiate his findings which have proper support. The same might be said concerning his finding that the bar was within 300 feet of the church. The County Judge found that the St. Louis bar was situated within 300 feet of the church, which is indicative that this is one of the grounds that he based his refusal of the permit upon. It is an undisputed fact that the church is much closer than 300 feet from said bar. The City of San Antonio passed an ordinance which went into effect October 6, 1949. Section 18 thereof reads as follows: "Permit for the sale of beer and/or wine by a retail dealer, as herein defined, shall not be issued to any person, firm or corporation for sale on premises located within 300 feet of any church, school or hospital; said distance shall be measured along the property lines of the street fronts and from front door to front door and in a direct line across intersections where they occur, provided that this paragraph shall not apply to the renewal of permits in existence at the time this ordinance becomes effective where said renewal is to the original holder of said permit." The applicant being a holder of a license to sell beer and wine at this place at the time the

ordinance went into effect, she comes within the exception contained therein, and the fact alone that the church is located within 300 feet of the bar is not one of the grounds specifically designated by the Liquor Control Act as a basis upon which a permit should be refused, unless it comes within the provision providing that the County Judge should refuse the application when he has reasonable grounds to believe and finds that the place or manner in which the applicant may conduct said business is of such nature which, based upon the general welfare, peace, morals and safety of the people and on the public sense of decency, warrants a refusal of the license. To say the least, the close proximity of the bar to the church, where beer and wine are sold and consumed upon the premises, with the front door of the bar located on South Laredo Street in plain view of the members of the church who gather for worship and where young children habitually congregate for school and recreation, are very important factors to be considered in determining whether a bar at this place would be conducive or detrimental to the peace, morals and public sense of decency, and the County Judge's findings show that he did take these things into consideration and also considered and believed the testimony of protestant's witnesses in respect to the manner in which she had operated said bar and the conduct of applicant's patrons who entered and came from her place of business.

In view of all the evidence introduced in the District Court, we are constrained to hold as a matter of law that the County Judge's finding "that the place or manner in which the applicant may conduct her business is of such a nature which, based upon the general welfare, health, peace, morals and safety of the people, and upon the public sense of decency, warranted a refusal of the permit", is supported by substantial evidence. Under the rule laid down by the Supreme Court in Jones v. Marsh, supra, the only question before this court is whether as a matter of law the County Judge's findings are reasonably supported by substantial evidence. We are clearly of the opinion that they are. Therefore, the District Court erred in finding

that the County Judge acted arbitrarily and illegally and did not base his findings upon substantial evidence in denying the application for renewal, and further erred in setting aside the order of the County Judge and granting and approving applicant's permit. The judgment of the District Court is hereby reversed and applicant's license revoked and the County Judge's refusal sustained.

Reversed and rendered.