## STATE v. FARRIS.
### No. 2971.

Court of Civil Appeals of Texas. Waco.
April 26, 1951.

W. W. Mason, James Adams and Joe Schultz, County Atty., all of Mexia, for appellant.

Carl Cannon, Lewis M. Seay, Groesbeck, for appellee.

HALE, Justice.

H. W. Farris, herein referred to as the applicant, instituted this proceeding on October 27, 1950, by filing with the county judge of Limestone County his application for a license to sell beer at retail on premises known as Keno Klub located about 1½ miles north of the City of Mexia on the east side of Highway 14. Woody Mints, Deputy Supervisor for the Texas Liquor Control Board, herein referred to as contestant, filed a protest against the issuance of the license. After hearing the evidence for and against the application the county judge entered an order denying the same upon express findings (1) that a prior license for the sale of beer at Keno Klub had been canceled by the Administrator of the Texas Liquor Control Board on October 19, 1950, on account of violations of law which had occurred at that location and (2) that the issuance of the license sought by applicant would result in jeopardy to the safety of the general public. From the foregoing order the applicant duly appealed to one of the district courts in Limestone County where his case was tried de novo and resulted in judgment approving his application and ordering the Administrator of the Texas Liquor Control Board to issue the license sought. From this judgment the contestant and the State of Texas, acting through the Hon. Joe Schultz as County Attorney of Limestone County, have brought this appeal.

Under the two points upon which the appeal is predicated it is insisted that the judgment of the district court should be reversed and judgment should be here rendered denying the application sought because both of the findings upon which the county judge based his order are reasonably supported by substantial evidence adduced at the trial. After duly considering the entire record before us we have concluded that each of these contentions must be sustained.

Art. 667–6 of Vernon's Tex. P.C. as amended by the 48th Legislature in 1943 provides in substance that the application of any person desiring to be licensed to sell beer shall be heard by the county judge and if the application be denied the applicant may appeal to the district court of the county where such application is made for a trial de novo under the rules applicable to ordinary civil suits. In the case of Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198, the Supreme Court of this State construed the provisions of this section of the Texas Liquor Control Act and held in part substantially as follows: (1) that a trial de novo under the same rules applicable to ordinary civil suits on appeal to the district court from a county judge's order denying an application for a license to sell beer at retail contemplates only a limited review and consequently the issue to be determined in the district court is whether or not the findings of the county judge are reasonably supported by substantial evidence; (2) that a county judge, in passing upon an application for a license to sell beer, acts in an administrative rather than a judicial capacity and the hearing before him is not the trial of a right or title but is only a step in the administrative process by which the applicant may procure the license which evidences a mere privilege; and (3) that the correctness of the order of a county judge denying an application for a license to sell beer, as well as the judgments of the District Court and the Court of Civil Appeals relating thereto, must be tested by the substantial evidence rule. The holding in this case has been followed and applied in the cases of Ex parte Velasco, Tex.Civ.App., 225 S.W.2d 921 and Corder v. Delgado, Tex.Civ.App., 234 S.W.2d 268.

Art. 667–6 of Vernon's Tex. P.C. also provides in part as follows: "it shall be sufficient cause for the county judge to refuse to grant any license when he has reason to believe that the applicant will conduct his business of selling beer at retail in a manner contrary to law or in any place or manner conducive to the violation of the law or likely to result in any jeopardy to the peace, morals, health, or safety of the general public. There shall be sufficient legal reason to deny a license if it is found that the place, building, or premises for which the license is sought has theretofore been used for selling alcoholic beverages in

violation of law at any time during the six (6) months immediately preceding the date of application, or has during that time been a place operated, used, or frequented in any manner or for any purpose contrary to the provisions of this Act, or, so operated, used or frequented for any purpose or in any manner that is lewd, immoral or offensive to public decency."

The issue was sharply drawn in the trial court as to whether or not the sale of beer at retail on the premises known as Keno Klub located at the place described in the application would create such a traffic hazard as was likely to result in jeopardy to the safety of the general public. Numerous photographs were introduced in evidence showing the grade of the terrain and various physical objects in that vicinity which might obstruct the view of travelers along Highway 14 and along the farm-to-market road which intersects Highway 14 in close proximity to an underpass. The applicant and eleven witnesses introduced by him each testified in effect that the sale of beer at the described location would not, in the opinion of the witness, create any greater traffic hazard than that which existed in the vicinity of other places near Mexia where beer was then being sold. On the other hand, a Deputy Supervisor of the Texas Liquor Control Board, an Inspector for the Texas Liquor Control Board, a member of the Mexia City Council, a Deputy Sheriff of Limestone County, a member of the Texas Highway Patrol, and six other witnesses each testified in substance that the sale of beer at the location described in the application would, in the opinion of the witness, create such a traffic hazard as was likely to result in jeopardy to the safety of the traveling public in that vicinity. Without attempting to analyze the testimony of any or all of the witnesses who testified on the issue, it must suffice to say that in our opinion the finding of the county judge to the effect that the issuance of the license sought by the applicant would result in jeopardy to the safety of the general public was reasonably supported by substantial evidence.

The undisputed evidence introduced at the trial shows that the premises known as Keno Klub located 1½ miles north of the City of Mexia, being the same place, building and premises for which a license is here sought, had been used for selling alcoholic beverages in violation of law during the period of six (6) months immediately preceding the date of this application. A duly certified copy of an order entered by the Administrator of the Texas Liquor Control Board recites that on October 19, 1950, the Administrator, after due notice and a hearing, found that on various and sundry dates from August 6, 1950, to and including August 22, 1950, twenty-five separate violations of the Texas Liquor Control Act had been committed at the Keno Klub. These offenses included the sale of beer to a named person known to be under 21 years of age, certain named persons who were each visibly intoxicated at the time of said sale, permitting certain named persons who were in a state of intoxication to remain on said premises, permitting an affray, the use of obscene, vulgar and indecent language, the solicitation of immoral sexual relations and maintaining a disorderly establishment on said premises. Based upon these findings of fact the Administrator canceled the license which had been previously issued for the sale of beer at this location. Under the facts thus found by the Administrator in his final order canceling the license to sell beer at the Keno Klub, we do not think the county judge acted arbitrarily or capriciously as an administrative officer under the Texas Liquor Control Act in requiring that the premises housing the Keno Klub be fumigated against its foul odors for a period of six (6) months after such unlawful operations.

Because we have concluded that the findings and order of the county judge denying the applicant a license to sell beer at the place designated in his application are reasonably supported by substantial evidence introduced upon the trial of this cause, the judgment appealed from is reversed and judgment is here rendered denying the application in this proceeding and canceling any license which might have been issued in pursuance of the judgment from which this appeal has been taken. Reversed and rendered.