W. J. PATTON V. STATE.

No. 25,779. March 26, 1952.
Rehearing Denied April 30, 1952.

Hon. Euel D. Harrison, Judge Presiding.

*Hubert Roach,* Jayton, and *J. W. Reid,* Abilene, by *J. W. Reid,* for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is possession of whisky for the purpose of sale in a dry area; the punishment, a fine of $800.00.

The sheriff and his deputy testified that they gave chase to a certain automobile and saw the driver throw lugs of liquor out of the window thereof, that they finally brought the automobile to a halt and arrested appellant. They testified that they retraced their course and picked up five pints of whisky and nine broken whisky bottles.

Appellant testified that he knew nothing of any whisky and was on his way to visit his mother when arrested.

We find the evidence sufficient to support the verdict.

Appellant's first contention is that the order of the commissioners' court calling the prohibition election was not made in compliance with the terms of Article 666-33. This is a matter that should have been raised in an election contest and may not be raised defensively here. Article 666-40a states, in part, as follows:

"* * * and provided further, that *if* no contest of said election is filed and prosecuted in the manner and within the time provided above, it shall be conclusively presumed that said election as held and the result thereof declared, are in all respects valid and binding upon all courts * * *."

The cases cited by appellant arose where the state failed to introduce in evidence the order declaring the result of the prohibition election and proof of publication thereof. In such cases, we held that the prohibition status of the territory was not shown, and, therefore, an essential element of the offense had not been proven.

Appellant next complains of the substitution in the information of the county attorney's name for that of the district attorney upon motion and with leave of the court. This is an amendment as to form and is permissible. We find nothing in the record to show that this did not occur prior to announcement of ready for trial upon the merits. Article 533, C. C. P.

Appellant complains of the failure of the trial court to grant his requested charge on circumstantial evidence. We find no objections to the court's charge in the record. This being a misdemeanor case, both were requisite to present a question for review. Such rule disposes of appellant's contention with reference to the portion of the charge defining the term "prima facie evidence."

The complaint herein does not come within the rule in Ayres v. State, 156 Texas Crim. Rep., 622, 245 S. W. (2d) 706, because, here, the complaint read, "after being by me duly sworn, on oath deposes and says"; whereas, in the cited case, the affidavit was upon information and belief.

Finding no reversible error, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant again urges upon us his contention that the order of the commissioners' court of Kent County, in calling the local option election, was fatally defective because of failure to comply with the time element of not less than twenty nor more than thirty days, as provided by Art. 666-33, Vernon's P. C.

It was to prevent such contention being made upon the trial of a criminal case involving a violation of the local option law that the portion of Art. 666-40a, Vernon's P. C., quoted in our original opinion was enacted.

Irregularities in the proceedings touching the local option election are matters that must be adjudicated in an election contest.

When no contest is filed within the time allowed, the order of the commissioners' court declaring the result of the election is final and not subject to be collaterally attacked upon the trial of a criminal case because of claimed procedural defects or irregularities in the election.

The motion for rehearing is overruled.

Opinion approved by the court.