**W. T. PATTON, Appellant,**

v.

**TEXAS LIQUOR CONTROL BOARD et al.,**
**Appellees.**

**No. 10432.**

Court of Civil Appeals of Texas.

Austin.

June 27, 1956.

Rehearing Denied Aug. 8, 1956.

Emmett Shelton, Gaynor Kendall, Austin, for appellant.

John Ben Shepperd, Atty. Gen., William H. Davis, Jr., Asst. Atty. Gen., Thomas D. Blackwell, Austin, for appellees.

ARCHER, Chief Justice.

This suit was brought by appellant (as plaintiff) against Honorable Tom Johnson, County Judge of Travis County, and the Texas Liquor Control Board (as defendants), in the 126th Judicial District of Travis County, as a statutory appeal, under Art. 667–6, Sec. (e), Vernon's Penal Code, from the County Judge's order deny-

ing plaintiff a "Beer Retailer's Off-Premises License", upon the sole ground that the premises for which permit was sought are (in the opinion of the judge) within a "dry area."

The case was submitted to the District Court, sitting without a jury, as an agreed case, upon a written agreement as to the applicable facts. The District Court entered judgment that plaintiff take nothing, likewise upon the sole ground that (in the opinion of the Court) the premises for which permit was sought are located within a dry area.

Article 16, Section 20, of the Texas Constitution, Vernon's Ann.St. provides in part:

"(b) The Legislature shall enact a law or laws whereby the qualified voters of any county, justice's precinct or incorporated town or city, may, by a majority vote of those voting, determine from time to time whether the sale of intoxicating liquors for beverage purposes shall be prohibited or legalized within the prescribed limits; * * *."

Article 666, Sec. 32, Vernon's Penal Code, in part, is as follows:

"The Commissioners Court of each county in the state upon its own motion may order an election wherein the qualified voters of any county or of any justice precinct or incorporated town or city may by the exercise of local option determine whether or not the sale of alcoholic beverages of one or more of the various types and alcholic content shall be prohibited or legalized within the prescribed limits of such county, justice precinct, or incorporated town or city; * * *."

Section 40a, of Article 666, in part, is as follows:

"Any qualified voter of any county, justice precinct, incorporated city or town within this State which has here-tofore voted on local option may contest said election under the provisions of this Act, and if no contest is filed within sixty (60) days from the taking effect of this Act, it shall be conclusively presumed that said election as held was valid in all things and binding upon all courts."

The appeal is based on two points and are:

"1. Since the Constitution and statutes limit local-option elections to counties, justice's precincts, and incorporated cities or towns, and a purported election within an unauthorized area is void, the District Court erred in holding that the purported local-option election of December 10, 1935, which was held only in that portion of Justice's Precinct Three which lay outside of the City of Austin, was effective to make the sale of liquors within that portion of the precinct illegal.

"2. The District Court erred in holding that, because no contest of the election of December 10, 1935, was begun within sixty days after effective date of Sec. 30a, Chapter 448, Acts 45th Legislature (Art. 666–40a, Vernon's Penal Code), the validity of said election could not be called into question in this suit."

On March 16, 1956, plaintiff duly filed with the County Judge of Travis County, Texas, his application for a "Beer Retailer's Off-Premises License" for plaintiff's place of business therein described, and located in Justice's Precinct Three, just outside of the City of Austin in Travis County, Texas. The application was set to be heard on March 22, 1956, and notice thereof was given as required by law.

No contest or protest of the application was made or filed by any person, and the County Judge upon the hearing found that all facts set out in the application, and in the County Clerk's certificates appended thereto, were true; but he entered his

order of March 22, 1956, denying the permit on the sole ground that (in his opinion) the area in which plaintiff's premises are situated is in a "dry" area.

Thereafter, on the same date, plaintiff filed in the District Court his statutory appeal from said order of denial, making the County Judge and the Texas Liquor Control Board parties defendant.

On November 15, 1917, an election was held on the question of prohibiting the sale of liquors within all of Justice Precincts 1, 2, 3, 4, 5, 7 and 8 of Travis County, and a majority of the votes cast at such election were against prohibition in said area. No further local option elections embracing the whole of Justice Precinct No. 3 has been held since.

On January 21, 1918, there was held within the corporate boundaries of the City of Austin (embracing a part of Justice Precinct No. 3) an election on the question of prohibiting the sale of liquors, and at such election the proposal was carried by a majority vote.

On November 30, 1935, acting upon a petition signed by persons designating themselves as qualified voters of five named voting boxes in Justice Precinct No. 3, the Commissioners' Court entered an order calling an election to be held in Justice Precinct No. 3, outside of the City of Austin, in this county on December 10, 1935, at which election a majority of those voting voted against the legalizing the sale of liquors.

On December 3, 1935, an election was held within the City of Austin upon the question of legalizing the sale of all liquors, and a majority of the votes cast were in favor of the proposal.

There appears to have been thirty election boxes or precincts in Justice Precinct No. 3, and the election was called for and held in only five boxes, the other twenty-five boxes being within the city limits.

The above recitations we have taken from the County Clerk's Certificate to the County Judge.

Upon the hearing before the County Judge and in the trial in the District Court the only reason assigned for the refusal of the permit was that the area or premises on which the proposed permit was to be located was in a dry area.

Appellees have three counterpoints to the effect that the Trial Court was correct in refusing to declare invalid the election of December 10, 1935 and that since no contest of said election was begun within sixty days after the effective date of the election the validity of said election cannot now be called into question, and that the testimony introduced by plaintiff as to the procedure followed in holding the election cannot be used as a basis for judgment declaring the local option election invalid.

The questions presented are:

"1. Whether the election of December 10, 1935, was a valid local-option election; and if not,

"2. Whether, in any event, the election may now be challenged, since no contest was filed within sixty days following enactment of Section 40a, Art. 666, Vernon's Penal Code, supra."

We believe that since the Constitution and statutes limit local option elections to counties, justice's precincts and incorporated cities or towns, the purported election in only a portion of Justice Precinct No. 3 is void, and that the District Court erred in holding that it was effective to make the sale of liquors within such portion of the precinct illegal.

The constitutional amendment adopted August 24, 1935, to Section 20, Article 16, repealing statewide prohibition of the sale of liquors and substituting local option provisions now prevailing, provides that the Legislature shall enact a law or laws

whereby the qualified voters of any county, justice's precinct, or incorporated town or city, may, by a majority vote, etc.

The Legislature enacted Art. 666–32 which is, in part:

"* * * any such Court shall order a local option election whenever petitioned to do so by as many as ten (10) per cent of the qualified voters of said county, or of any justice precinct, city or town, taking the votes for Governor at the last preceding general election as the basis for determining the qualified voters in any such county, or political subdivision. * * *" This Article was amended by Acts 1955, 54th Legislature, p. 484, ch. 138, Sec. 1.

There was no constitutional or statutory authority for the local option election to be in only a part of the justice precinct. Ex parte Mills, 1904, 46 Tex.Cr.R. 224, 79 S.W. 555; Coker v. Kmeicik, 126 Tex. 440, 87 S.W.2d 1076; Countz v. Mitchell, 120 Tex. 324, 38 S.W.2d 770.

We do not believe that Section 40a of Article 666, V.P.C., providing for a limitation of sixty days in which to contest any local option election is controlling.

The Section 40a reads in part "any qualified voter of any county, justice precinct, incorporated city or town * * * may contest * * * if no contest is filed within sixty days * * * it shall be conclusively presumed that said election as held was valid * * *."

This election was not held in a justice precinct as a whole, but in only a part thereof. Bullington v. Lear, Tex.Civ.App., El Paso, 230 S.W.2d 290, and cases cited therein.

Article 666–40a is applicable to irregularities in the conduct of an election. Patton v. State, 1952, 157 Tex.Cr.R. 252, 248 S.W.2d 491.

If construed as applicable here then such statute would be of doubtful constitutionality because it would create or destroy, by inaction, the status of an area as dry or wet not defined by but in the face of the Constitution which prescribes, not voting boxes, but other well-recognized local option districts.

We must also bear in mind that if five voting boxes can be thus converted into a local option district despite the Constitution then there is no logical reason why any smaller area, one lot for instance, could not be so created and, perhaps of greater importance, if a non-constitutional area can be made *dry* by such procedure then it could by the same token be made *wet* by such procedure.

By a cross point appellee, Texas Liquor Control Board, contends that its plea in abatement should have been sustained.

We do not attach too much importance to the complaint that the Board was made a party to this proceeding because the Board is a proper party although strictly may not be a necessary party, but since the only reason assigned by the County Judge and by the District Court was that the proposed premises for the location of the permit was in a dry area, and no other complaint as to the applicant's fitness, etc., within the meaning of the statute, was made, we do not anticipate that the Board will encounter any serious obstacle to the final granting of a permit.

The judgment of the Trial Court is reversed and judgment here rendered for appellant.

Reversed and rendered.

GRAY, Justice.

I respectfully dissent from the holding of the majority in this cause.

The opinion of the majority treats the election held on December 10, 1935, as void and of no effect. Assuming this to be correct and that its result need not be noticed then in my opinion Sec. 40a of Art. 666, Vernon's Ann.P.C. quoted by the majority

compels the conclusion that the county judge upon hearing the application "had lawful reason for denying the application." Art. 667-6(c), Vernon's Ann.P.C.

In its present wording Sec. 40a of Art. 666 supra stands as a bar to the granting of appellant's application because under its provisions the subject area is dry and so remains until the bar is removed by judicial decision.

Art. 667-6 supra provides that: the application for a license to sell beer, etc., shall be filed with the county judge; the same shall be set down for hearing, and if at the hearing the county judge finds the facts stated therein to be true "and has not other lawful reason for denying the application" he shall enter his order so certifying.

In hearing the application the county judge acts in an administrative and not a judicial capacity. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; State v. Farris, Tex.Civ.App., 239 S.W.2d 419, no writ history. In the event the application is denied Sec. (e) of Art. 667-6 supra provides for an appeal to the district court for a trial de novo. Sec. 14 of Art. 666 supra.

In Jones v. Marsh supra the Court said [148 Tex. 362, 224 S.W.2d 201]:

"The statute does not expressly provide that there shall be in district court a full retrial of the facts as if there had been no findings made by the county judge, nor does the statute specify what issue or issues shall be tried in the district court. It may, therefore, reasonably be concluded, in view of the subject matter involved and the nature of the order to be reviewed, that only a limited review is intended, and that in so far as the facts which are the basis for the order of the county judge are concerned the question or issue to be determined in the district court is whether or not the findings of the county judge are reasonably supported by substantial evidence. Such a trial is one kind of a trial de novo, and the somewhat limited trial can be held, as the statute requires, under the rules applicable to ordinary civil suits. * *

"* * * Since the permit or license is a mere privilege, its issuance, denial and cancellation are properly committed to an administrative body or agency, and, in the interest of efficiency, the fact findings made by the administrative body or agency in the performance of duties of this kind are usually subject to a limited, rather than to a full, judicial review, in Texas a review under the substantial evidence rule."

It being established by the authorities supra that the county judge in hearing the application for license acts in an administrative and not a judicial capacity and that on appeal to the district court his findings are "subject to a limited, rather than to a full, judicial review;" it is my opinion that neither the county judge nor the district court could refuse to abide by the provisions of Sec. 40a of Art. 666, supra. Or, in any event, that the provisions of this section of the statute together with the holdings in Crawford v. Maples, Tex.Civ. App., 114 S.W.2d 696, no writ history, and Musgrove v. State, 159 Tex.Cr.R. 571, 265 S.W.2d 820, warranted the conclusion of the county judge as stated in the opinion of the majority "that the premises for which permit was sought are (in the opinion of the judge) within a 'dry area'", and also sufficient to support the same opinion of the district court on appeal.

It is my opinion that in this proceeding neither the county judge nor the district court could judicially construe Sec. 40a supra to be of no effect and could not test and adjudicate the authority of the Legislature to enact it, but that they were bound by its provisions.

The situation here presented is similar to that before the Supreme Court in Trapp

v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424, 437, wherein the Court said:

"The duties of the Railroad Commission as given by law do not encompass the power or authority of deciding the ownership of the title to land. We think it follows that the appeal contemplated by Section 8 of Article 6049c does not include such power, even though the appeal is to a district court of Travis County which, in a proper case, has such jurisdiction."

It must also be noticed that the order of the commissioners' court declaring the result of the election of December 10, 1935, is in effect an order enforcing the result of that election. It is true that if the election was void then in a proper proceeding the enforcement might be enjoined. 16 Tex.Jur., Sec. 157, p. 208. However, in this proceeding such relief cannot be granted.

I would affirm the trial court's judgment.

HUGHES, Justice (concurring).

I agree with Associate Justice GRAY that this case should be determined by the substantial evidence rule and that the County Judge, in this matter, acted in an administrative capacity. I disagree with his conclusion that the order of the County Judge was reasonably supported by substantial evidence.

A void election, an inapplicable or unconstitutional statute, do not, in my opinion, furnish the basis of substantial evidence.

It is common practice for courts to determine whether certain facts are to be given any weight at all in deciding appeals from administrative agencies. See Vol. 33, Texas Law Review, p. 717 at p. 732, Some Aspects of the Texas "Substantial Evidence" Rule by William L. Garwood.

If a void election constitutes substantial evidence that a wet area is dry then, by the same reasoning, a void election would be substantial evidence that a dry area is wet.

I cannot agree that evidence of such character is any evidence, much less substantial evidence.