

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

September 19, 1991

Honorable Bill G. Carter
Chairman
Committee on Public Safety
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-44

Re: Whether county commissioners have the authority to set boundaries for wet/dry elections and other related questions (RQ-89)

Dear Representative Carter:

You ask three questions regarding local option liquor elections. Such elections are held pursuant to article XVI, section 20, of the Texas Constitution and chapter 251 of the Alcoholic Beverage Code. We will consider each question in turn:

> 1. Do county commissioners have the legal authority to set boundaries for wet/dry elections?

Article XVI, section 20, of the Texas Constitution directs the legislature to adopt statutes to provide for local option elections to legalize or prohibit the sale of alcoholic beverages. This constitutional provision is codified in chapter 251 of the Alcoholic Beverage Code. Local option liquor elections may only be called when the commissioners court receives a valid petition. Alco. Bev. Code §§ 251.01, 251.11. The commissioners court must call an election when it receives such a petition. *Id.* The county clerk must provide a petition to qualified voters under the following circumstances:

> If 10 or more qualified voters of any county, justice precinct, or incorporated city or town file a written application, the county clerk of the county shall issue to the applicants a petition to be circulated among the qualified voters *of that political subdivision.*

Alco. Bev. Code § 251.03 (emphasis added).

The political subdivision for which the election must be called is thus determined by the petition. The political subdivisions for which elections may be called are limited by both the constitution and by statute to counties, justice of the peace precincts, and incorporated cities and towns. Tex. Const. art. XVI, § 20; Alco. Bev. Code §§ 251.01, 251.02; *see also* Attorney General Opinions JM-1177 (1990); JM-468 (1986) and authorities cited therein. These political subdivisions will ordinarily have fixed boundaries that will determine the area in which the election is held.

The only instance in which a commissioners court is authorized by statute to exercise discretion in setting the boundaries for a local option liquor election is described in section 251.80 of the Alcoholic Beverage Code. Subsection (a) of that section states:

> Whenever a local option status is once legally put into effect as the result of the vote in a justice precinct, such status shall remain in effect until the status is changed as the result of a vote in the same territory that comprised the precinct when such status was established. *If the boundaries of the justice precinct have changed since such status was established, the commissioners court shall, for purposes of a local option election, define the boundaries of the original precinct.* A local option election may be held within the territory defined by the commissioners court as constituting such original precinct. (Emphasis added.)

This provision requires an election attempting to change the local option status of a justice precinct to be conducted, not in the precinct as it exists at the time of the petition for the election, but in the territory that comprised the justice precinct when the local option status was established.[1]

In *Coker v. Texas Alcoholic Beverage Comm'n*, 524 S.W.2d 570 (Tex. Civ.

---

[1]By its terms section 251.80 of the Alcoholic Beverage Code applies only to justice precincts. Changes of local option status in incorporated cities and towns remains governed by section 251.72.

App.--Dallas 1975, writ ref'd n.r.e.), the court of appeals considered a situation in which the exact boundaries of a former justice precinct could not be determined. The court held, in part:

> [T]he commissioners' court has responsibility to call the election, and we see no reason why it could not protect all interested persons by drawing a line approximating the original boundaries. Its determination of the boundaries would not be exercised under its general power to fix precinct boundaries, but would be an administrative determination incidental to its power to order an election, and would control unless clearly erroneous or arbitrary.

524 S.W.2d at 579.

We believe the intent of the legislature in enacting the emphasized language was to permit the commissioners court to resolve situations in which, due to lost or ambiguous records or other reasons, it is not possible to establish definitively the boundary of a former justice precinct. In effect, the language codifies the holding of *Coker* with respect to situations where the boundary of a former justice precinct cannot be determined. Accordingly, we believe that discretion exercised under section 251.80 may not be arbitrary. A boundary set by the commissioners court under section 251.80 must as nearly as possible conform to the boundary of the former precinct for which the petition requires the election be held. Where the boundaries of the former justice of the peace precinct are clearly defined by public records, the county commissioners have no discretion to define the boundaries differently for purposes of a local option election.

> 2. If an area is currently designated dry by municipal ordinance, can a commissioners court require residents in this area to participate in a wet/dry election?

As noted above, the political subdivision in which a local option liquor election is to be held is determined by the petition that both authorizes and requires the commissioners court to call the election. In *Patton v. Texas Liquor Control Bd.*, 293 S.W.2d 99 (Tex. Civ. App.--Austin 1956, writ ref'd n.r.e.), the court considered a situation in which a local option election had been held in only that part of a justice

precinct lying outside the corporate limits of a city. The court held that there was no constitutional or statutory authority for holding a local option election in only part of a justice precinct:

> We believe that since the Constitution and statutes limit local option elections to counties, justice's precincts and incorporated cities or towns, the purported election in only a portion of Justice Precinct No. 3 is void, and that the District Court erred in holding that it was effective to make the sale of liquors within such portion of the precinct illegal.
>
> . . . .
>
> We must also bear in mind that if five voting boxes can be thus converted into a local option district despite the Constitution then there is no logical reason why a smaller area, one lot for instance, could not be so created and, perhaps of greater importance, if a non-constitutional area can be made *dry* by such procedure then it could by the same token be made *wet* by such procedure.

293 S.W.2d at 101-02. (emphasis in original).

Accordingly, only those political subdivisions enumerated in the constitution and statutes may exercise local option through the electoral process prescribed by chapter 251 of the Alcoholic Beverage Code, and such elections must be held in the entire political subdivision for which the election is called. No provision of the Alcoholic Beverage Code authorizes the disfranchisement of voters in any portion of a city that is within the political subdivision for which the election is to be held. Whether a municipality has prohibited the sale of an alcoholic beverage in an area of that municipality is irrelevant as to the inclusion of that area in a local option election. While the Alcoholic Beverage Code provides for some municipal regulation of the sale of alcoholic beverages, Alco. Bev. Code §§ 109.31, 109.32, these provisions are distinct from the exercise of local option by election and do not serve to change the local option status adopted by a political subdivision pursuant to chapter 251, nor to inhibit the adoption of new local option status by the voters. *Id.* §§ 251.51, 251.72.

3. What agency or agencies are legally responsible for enforcing changes in wet/dry elections?

We take your question to ask what agency is responsible for enforcing changes in local option status made pursuant to chapter 251 of the Alcoholic Beverage Code. The Alcoholic Beverage Commission is charged generally with regulating every phase of the alcoholic beverage industry in Texas. Alco. Bev. Code § 5.31. Of course, state and local police agencies may enforce state laws within their respective jurisdictions. However, certain other officials are given specific duties in certifying the result of a local option election.

Section 251.51 directs the commissioners court to canvass the returns of a local option election and to declare the result. Upon a majority vote in favor of legalization, the types of alcoholic beverages legalized may be sold once the commissioners court enters an order declaring the result. *Id.* A vote prohibiting sale of alcoholic beverages is effective 30 days after the commissioners court order is entered. *Id.* If the result prohibits the sale of any alcoholic beverages, it must be posted. *Id.* § 251.54. Regardless of outcome, the result is certified to the Alcoholic Beverage Commission and the secretary of state by the county clerk. *Id.* § 251.53. When an application is made for a license or permit to sell alcohol, the county clerk must certify whether a particular location is "wet" or "dry." *Id.* § 11.37.[2]

## SUMMARY

A commissioners court is authorized to set the boundaries for a local option liquor election only in the circumstances prescribed in section 251.80 of the Alcoholic Beverage Code. A boundary set by the commissioners court under this provision must as nearly as possible conform to the boundary of the former justice of the peace precinct for which the petition requires an election be held. Where the boundaries of the former justice of the peace precinct are clearly defined by public records, the county commissioners have no discretion to

---

[2]This procedure of certification as to wet or dry status is summarized by the court in *Sells v. Roose*, 769 S.W.2d 641, 643 (Tex. App.--Austin 1989, no writ).

define the boundaries differently for purposes of a local option election.

Only those political subdivisions enumerated in the constitution and statutes may exercise local option through the electoral process prescribed by chapter 251 of the Alcoholic Beverage Code, and such elections must be held in the entire political subdivision for which the election is called. No provision of the Alcoholic Beverage Code authorizes the disfranchisement of voters in a portion of a city that is within the political subdivision for which the election is to be held.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by John Steiner
Assistant Attorney General