02-10-300-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00300-CV

 

 


 
 
 Mary Horn, Hugh Coleman, Ron Marchant, Bobbie J.
 Mitchell, AND Andy Eads, in Their Capacities as Denton County Judge and
 Commissioners of Denton County, Texas AND Eric D. Stanley
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Al Gibson
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 158th
District Court OF Denton COUNTY

----------

OPINION

----------

I.  Introduction

          Appellee
Al Gibson timely instituted a contest to the 2009 local option election held in
current Justice Precinct 2 of Denton County, alleging that the election, which
legalized the sale of all alcoholic beverages, including mixed beverages, is
void because it did not encompass all of the territory in old Justice Precincts
3 and 6, both of which are partly contained within the territory of current Precinct
2 and voted dry many years ago.  Appellants Mary Horn, Hugh Coleman, Ron Marchant,
Bobbie J. Mitchell, and Andy Eads—in their capacities as Denton County Judge
and Commissioners of Denton County, Texas—and Eric D. Stanley argued that the
2009 local option election is not void because it was held in the exact same
territory—current Precinct 2—as an uncontested, valid 2005 local option
election that legalized the sale of beer and wine.  The trial court granted Gibson
summary judgment on his election contest claim and denied Appellants’ motions
for summary judgment on the same claim.  Because the statutory framework for
local option elections required the 2009 local option election to be held in
the same territory as the 2005 local option election, we will reverse the trial
court’s final judgment and render judgment that Gibson take nothing on his election
contest claim.  We will affirm the trial court’s order denying Stanley’s motion
to disqualify.

II.  Background

          Old
Precinct 6 and old Precinct 3 voted dry in 1884 and 1901, respectively. 
Thereafter, the Denton County Commissioners Court redrew the precincts’ lines.  Current
Precinct 2 encompasses parts of old Precinct 3 and old Precinct 6 as well as
additional territory not contained within either of those precincts.  The
boundaries of old Precinct 3 and old Precinct 6 extend beyond the territory
constituting current Precinct 2.

          In
August 2005, the Commissioners Court issued an order calling for a local option
election to be held in current Precinct 2 in November 2005 for the legal sale
of beer and wine.  The proposition passed, and the Commissioners Court issued
an order on November 18, 2005, approving the results.  No one instituted a
contest of the election.

          On
March 3, 2009, the Commissioners Court issued an order calling for a local
option election to be held in current Precinct 2 for the legal sale of all
alcoholic beverages, including mixed beverages.  The proposition passed, and the
Commissioners Court issued an order on May 14, 2009, approving the results.

          Gibson
timely instituted a contest of the 2009 local option election, suing Horn,
Coleman, Marchant, Mitchell, and Eads in their official capacities.  Stanley, a
registered voter in current Precinct 2 who heads the organization that sponsored
the proposition, filed a plea in intervention against Gibson, seeking a
declaration that the 2009 local option election is valid.  All parties moved
for summary judgment.  After the trial court granted an interlocutory summary
judgment in favor of Gibson on his election contest claim and denied
Appellants’ motions for summary judgment, Stanley filed a motion to disqualify
the trial court judge, the Honorable Jake Collier, based on election code
section 231.004.  Sitting by assignment, the Honorable Donald J. Cosby denied
the motion to disqualify; entered an order clarifying that the summary judgment
order signed by Judge Collier was not a final, appealable order; and signed a
final judgment, providing in part “that the Election is void.”  This appeal
followed.

III.  Disqualification

          In
his first issue, Stanley argues that the trial court abused its discretion by
denying his motion to disqualify Judge Collier pursuant to election code
section 231.004.  See Tex. Elec. Code Ann. § 231.004(a) (West 2010).
 Gibson responds that Stanley waived his ground for disqualification because he
did not move to disqualify Judge Collier until after Judge Collier presided
over the hearing and signed the interlocutory order on the parties’ motions for
summary judgment.

          Generally,
a judge in Texas may be removed from a case because he or she is
constitutionally disqualified, disqualified under a statute, or disqualified or
recused under rules promulgated by the supreme court.  In re Union Pac.
Res. Co., 969 S.W.2d 427, 428 (Tex. 1998) (orig. proceeding). 
Disqualification on constitutional grounds cannot be waived, but
disqualification on grounds other than express constitutional grounds may be
waived.  Esquivel v. El Paso Healthcare Sys., Ltd., 225 S.W.3d 83, 87 (Tex.
App.—El Paso 2005, no pet.); see Buckholts ISD v. Glaser, 632
S.W.2d 146, 148 (Tex. 1982).  The Texas constitution provides that no judge
shall sit in a case (1) “wherein the judge may be interested”; (2) “where
either of the parties may be connected with the judge, either by affinity or
consanguinity, within such a degree as may be prescribed by law”; or (3) “when
the judge shall have been counsel in the case.”  Tex. Const. art. 5, § 11.

          Stanley
does not contend that Judge Collier was disqualified due to connection or
counsel.  Rather, Stanley argues that election code section 231.004 “is a
legislative determination of the type of interest that constitutionally
disqualifies a judge from presiding in the case.”  [Emphasis added.]  However,
the constitutional interest of a judge, to mandate his disqualification, must
be a direct pecuniary or property interest in the subject matter of the
litigation.  Bank of Tex., N.A., Trustee v. Mexia, 135 S.W.3d 356, 361 (Tex.
App.—Dallas 2004, pet. denied).  A remote or problematic interest or one merely
in the legal question involved will not suffice.  Id.  Here, there is no
evidence that Judge Collier had any direct pecuniary or property interest in
the subject matter of the election contest litigation, and the authorities
relied on by Stanley do not support his argument that election code section
231.004 is now a constitutional “interest,” as that term is defined, such that
Stanley did not waive his ground for disqualification.  See id.; see
also Tex. Elec. Code Ann. § 231.004(b) (“If a contest is filed
in which a judge is disqualified under Subsection (a) . . . .”)
(emphasis added).  Accordingly, we hold that Stanley waived his ground for
disqualification when he filed it after the trial court had already heard the
parties’ motions for summary judgment and signed the interlocutory order on the
motions for summary judgment.  See Tex. R. Civ. P. 18a (requiring motion
for disqualification to be filed at least ten days before date set for trial or
other hearing).  We overrule Stanley’s first issue.

IV.  Election Contest

          Horn,
Coleman, Marchant, Mitchell, and Eads in their only issue and Stanley in his
second issue argue that the trial court erred by granting Gibson summary
judgment on his election contest claim and by denying their motions for summary
judgment on the same claim.  Appellants contend that because the election code
establishes a conclusive presumption that a local option election “is valid and
binding in all respects on all courts” in the absence of a timely instituted
election contest, the local option status allowing the sale of beer and wine
was “legally put into effect” as a result of the 2005 local option election held
in current Precinct 2 when no party timely instituted a contest to the election. 
See Tex. Elec. Code Ann. § 501.155(c) (West 2010); Tex. Alco. Bev.
Code Ann. § 251.80(a) (West 2007).  Therefore, to carry out any change in
the local option status of current Precinct 2, Appellants argue that the
Commissioners Court must have ordered a subsequent local option election in
“the same territory that comprised the precinct when such status was
established”—the boundaries establishing current Precinct 2.  See Tex.
Alco. Bev. Code Ann. § 251.80(a).  Because that is precisely what happened,
the 2009 local option election legalizing the sale of all alcoholic beverages,
including mixed beverages, was valid, according to Appellants.

          Relying
heavily on alcoholic beverage code section 251.80(a) and several cases that
focus their analysis on the same requirement set out in that statute, Gibson
argues that because old Precinct 3 and old Precinct 6 voted dry years ago, the
2009 local option election is void because it used territory—current Precinct
2—different from the territory that had previously voted dry—old Precinct 3 and
old Precinct 6.  He casts aside election code section 501.021(c)’s conclusive
presumption, arguing that the 2005 local option election is irrelevant to the
2009 local option election because the “illegal” 2005 local option election was
also held in the wrong territory and, therefore, did not change the local
option status of old Precinct 3 and old Precinct 6 from dry to wet.  To the
extent that there is any conflict between the alcoholic beverage code and the
election code, Gibson argues that the alcoholic beverage code controls.

          When
both parties move for summary judgment and the trial court grants one motion
and denies the other, the reviewing court should review both parties’ summary
judgment evidence and determine all questions presented.  Mann Frankfort
Stein & Lipp Advisors, Inc. v. Fielding, 289 S.W.3d 844, 848 (Tex.
2009); see Myrad Props., Inc. v. LaSalle Bank Nat’l Ass’n, 300 S.W.3d
746, 753 (Tex. 2009).  The reviewing court should render the judgment that the
trial court should have rendered.  Mann Frankfort, 289 S.W.3d at 848.

          Article
XVI, section 20(b) of the Texas constitution provides as follows:

The Legislature shall
enact a law or laws whereby the qualified voters of any county,
justice’s precinct or incorporated town or city, may, by a majority vote of
those voting, determine from time to time whether the sale of intoxicating
liquors for beverage purposes shall be prohibited or legalized within the
prescribed limits . . . .

 

Tex.
Const. art. XVI, § 20(b) (emphasis added).  Each and every section of both
chapter 501 of the election code and chapter 251, subchapter D, of the alcoholic
beverage code effectuates this constitutional requirement.  See In re
Davis, 269 S.W.3d 581, 584 (Tex. 2008); see also Tex. Elec. Code
Ann. §§ 501.001–.155 (West 2010); Tex. Alco. Bev. Code Ann. §§ 251.71–.82
(West 2007).

          Among
other “Miscellaneous Local Option Provisions” contained in subchapter D of section
251 of the alcoholic beverage code, section 251.80(a) provides,

(a)   Whenever a
local option status is once legally put into effect as the result of the vote
in a justice precinct, such status shall remain in effect until the status is
changed as the result of a vote in the same territory that comprised the
precinct when such status was established.

 

Tex.
Alco. Bev. Code Ann. § 251.80(a); see Tex. Const. art. XVI, § 20(c). 
In the attorney general’s opinion, section 251.80 “codifies the long-standing
judicial interpretation that subsequent elections must be held in the territory
as originally comprised.”  Tex. Att’y Gen. Op. No. JM-1177 (1990).  Indeed, as
Gibson stresses, Texas courts, including this court, have consistently held that
a territory’s local option status remains in effect until voters in that same
territory alter the status.  See, e.g., Davis, 269 S.W.3d at 582, 584–85
(“Once voters in a justice precinct have elected wet or dry status, that status
remains in effect until voters in that same territory, by another local option
election, change it.”); Houchins v. Plainos, 130 Tex. 413, 421, 110
S.W.2d 549, 553 (1937) (holding that dry territory of dissolved municipality
that was annexed by other wet municipality “remained dry until it was voted wet
at a subsequent election held in and for the same identical area which had
theretofore voted dry”); Coker v. Tex. Alcoholic Beverage Comm’n, 524
S.W.2d 570, 573–74 (Tex. Civ. App.—Dallas 1975, writ ref’d n.r.e.) (reasoning
that countywide local option election did not alter local option status of
justice precinct); Powell v. Smith, 90 S.W.2d 942, 943–44 (Tex. Civ.
App.—Fort Worth 1936, no writ) (reasoning that countywide local option election
did not alter local option status of justice precinct).  But resolution of this
issue does not depend upon a mere application of the facts of this case to section
251.80(a)’s legislatively prescribed condition for altering a territory’s local
option status.

          As
mentioned, the statutes enacted to effectuate article XVI, section 20 are also codified
in chapter 501 of the election code.  See Davis, 269 S.W.3d at 584.  The
final section in chapter 501 of the election code, entitled “Election Contest,”
provides that “[i]f an election contest is not timely instituted, it is
conclusively presumed that the election is valid and binding in all respects on
all courts.”  Tex. Elec. Code Ann. § 501.155(c) (emphasis added).  Our
primary objective when construing a statute is to give effect to the
legislature’s intent.  State v. Shumake, 199 S.W.3d 279, 284 (Tex.
2006).  We rely on the plain and common meaning of the text unless a different
meaning is supplied by legislative definition or is apparent from context, or
unless such a construction leads to absurd results.  City of Rockwall v.
Hughes, 246 S.W.3d 621, 625–26 (Tex. 2008).  We presume that the
legislature intended for the law to comply with the federal and state
constitutions and to achieve a just and reasonable result.  Tex. Gov’t Code
Ann. § 311.021(1), (3) (West 2005).

          The
legislature used clear and unambiguous language in section 501.155(c).  The
statute reveals an intent to bring both finality and validity to a local option
election when there is no timely instituted contest.  In light of the language used,
both the finality and validity of the local option election are meant to be
absolute.  See Cameron v. Terrell & Garrett, Inc., 618 S.W.2d
535, 540 (Tex. 1981) (reasoning that every word of a statute must be presumed
to have been used for a purpose, and every word excluded from a statute must be
presumed to have been excluded for a purpose).  For example, section 501.155(c)
does not create a rebuttable presumption that a local option election is valid
and final; instead, it creates a conclusive presumption that an election is valid
and final.  Tex. Elec. Code Ann. § 501.155(c).  If the legislature had other
intentions, it could have worded the statute differently, as it had done in
other legislation, but it did not.  See, e.g., Tex. Fam. Code Ann. § 153.131(b)
(West 2008) (“It is a rebuttable presumption that the appointment of the
parents of a child as joint managing conservators is in the best interest of
the child.”) (emphasis added).

          The
local option election is also “valid and binding” not in some respects
of a local option election, but in “all respects” of a local option
election.  Tex. Elec. Code Ann. § 501.155(c).  The legislature has not defined
“respects,” but the court of criminal appeals has addressed predecessor statutes
to election code section 501.155(c) on several occasions and construed the
statutes to prohibit challenges to “irregularities” in an election.  In Evans
v. State, the court of criminal appeals stated,

          This
statute is not only constitutional, but is a salutary provision of the election
law.  It does not deprive appellant of life, liberty, or property.  The contest
of an election is an action in rem, and not in personam, and after
the expiration of 60 days or 30 days, as the case may be, all parties are
inhibited under the statute from contesting the regularity of an election. . . . 
The statute simply serves as a statute of limitation and repose against any one
contesting irregularities thereof after the expiration of 60 days.

 

55
Tex. Crim. 450, 450–51, 117 S.W. 167, 167–68 (1909) (emphasis added) (construing
Act of May 14, 1907, 30th Leg., 1st C.S., ch. 8, § 1, 1907 Tex. Gen. Laws
447–48).  In Patton v. State, the court of criminal appeals similarly reasoned,
“When no contest is filed within the time allowed, the order of the
commissioners’ court declaring the result of the election is final and not
subject to be collaterally attacked upon the trial of a criminal case because
of claimed procedural defects or irregularities in the election.”  157
Tex. Crim. 252, 254, 248 S.W.2d 491, 493 (1952) (emphasis added) (construing former
article 666-40a of the Texas Liquor Control Act); see also Hutson v. Smith,
191 S.W.2d 779, 784 (Tex. Civ. App—Galveston 1945, no writ) (stating that
article 666-40a of the Texas Liquor Control Act “was lifted bodily from the act
of 1907”).

          We
do not construe the court of criminal appeals’s references to “irregularities”
in a local option election as any limitation upon the applicability of election
code section 501.155(c) to a claim of noncompliance with alcoholic beverage
code section 251.80(a).  In other words, we construe alcoholic beverage code
section 251.80(a)’s requirement as one of the “respects” of a local option
election that section 501.155(c) references.  See Tex. Alco. Bev. Code
Ann. § 251.80(a); Tex. Elec. Code Ann. § 501.155(c).  If the
legislature had intended to carve out a specific exception to section
501.155(c) and permit perpetual challenges to local option elections on the
ground that the election was held in the wrong territory contrary to section
251.80(a), it could have done so at some point over the decades that the
statute has existed, but it has not.  See, e.g., McIntyre v. Ramirez,
109 S.W.3d 741, 744, 748 (Tex. 2003) (construing Good Samaritan statute and
reasoning that “had the Legislature intended to except from the statute all
doctors who provide care in hospitals, it could have said so without carving
out the specific exceptions for certain doctors or medical personnel”).

          Gibson
directs us to Patton v. Texas Liquor Control Board, a case in which the
Third Court of Appeals held that a justice precinct remained dry because a
subsequent election held in only part of the same justice precinct rendered the
election void.  293 S.W.2d 99, 101 (Tex. Civ. App.—Austin 1956, writ ref’d
n.r.e).  The court of civil appeals refused to uphold the subsequent election on
the basis that the election was conclusively presumed valid, reasoning as
follows:

          If
construed as applicable here then such statute would be of doubtful
constitutionality because it would create or destroy, by inaction, the status
of an area as dry or wet not defined by but in the face of the Constitution
which prescribes, not voting boxes, but other well-recognized local option
districts.

 

Id. at
102.  We are not convinced by Patton’s analysis because the court in
that case assumed that the statute was unconstitutional.  See id.  In
this case, Gibson does not challenge the constitutionality of section
501.155(c).

          We
disagree with Patton’s analysis and Gibson’s argument for another
reason.  The Constitution of the State of Texas vests “[l]egislative power” in
our legislature.  See Tex. Const. arts II § 1, III § 1. 
“Legislative power” is defined broadly in Texas and includes the power to set
public policy, to provide details of the law, to promulgate rules and
regulations to apply the law, and to ascertain conditions upon which existing
laws may operate.  FM Props. Operating Co. v. City of Austin, 22 S.W.3d
868, 873, 878 (Tex. 2000).  Article XVI, section 20 of the Texas constitution
expressly authorizes the legislature to enact “laws” for purposes of local
option elections, consistent with the constitution’s vesting lawmaking power in
the legislature.  See Davis, 269 S.W.3d at 583 (“Article XVI,
section 20, of the Texas Constitution, authorizes the legislature to enact laws
whereby localities may periodically determine whether they will be wet or
dry.”) (emphasis added).  “So long as it operates within the constitutional
mandate of article XVI, section 20, the legislature’s authority to prescribe a
statutory framework for local option elections is broad.”  Tex. Att’y
Gen. Op. No. JM-1177 (emphasis added).

          The
legislature has exercised its legislative power and prescribed a statutory
framework for local option elections.  While part of that framework provides
that a territory’s local option status remains in effect until voters in that
same territory vote to alter that status in another local option election,
another part of that framework brings finality and validity to a local option
election “in all respects on all courts” if no contest is timely instituted.  See
Tex. Alco. Bev. Code Ann. § 251.80(a); Tex. Elec. Code Ann. § 501.155(c). 
Election code section 501.155(c) does not conflict with alcoholic beverage code
section 251.80(a); section 501.155(c) merely establishes a date certain for
finality of local option elections.  See Evans, 55 Tex. Crim. at 451,
117 S.W. at 168 (reasoning that statute “simply serves as a statute of
limitation and repose against” local option election contests).  We decline to ignore
section 501.155(c) or assume that it is unconstitutional.

          Because
no party timely instituted a contest to the 2005 local option election, it is conclusively
presumed that the election was valid and binding in all respects on all courts. 
The local option status of current Precinct 2 allowing the sale of beer and
wine was therefore legally put into effect as a result of the 2005 local option
election, and the 2009 local option election, which used the same territory as
the 2005 local option election, changed the local option status of current
Precinct 2, legally putting into effect the sale of all alcoholic beverages,
including mixed beverages.  The 2009 local option election held in current
Precinct 2 is not void.  Accordingly, we hold that the trial court erred by
granting summary judgment in favor of Gibson on his election contest claim and
by denying Appellants’ motions for summary judgment on Gibson’s election
contest claim.  We sustain Horn, Coleman, Marchant, Mitchell, and Eads’s only
issue and Stanley’s second issue.

V.  Conclusion

          Having
overruled Stanley’s first issue, we affirm the trial court’s order denying Stanley’s
motion to disqualify.  Having sustained Horn, Coleman, Marchant, Mitchell, and
Eads’s only issue and Stanley’s second issue, we reverse the trial court’s
final judgment and render judgment that Gibson take nothing on his election
contest claim.  See Tex. R. App. P. 43.2(c).

 

 

BILL MEIER
JUSTICE

 

PANEL: 
WALKER, MCCOY,
and MEIER, JJ.

 

DELIVERED:  August 29, 2011